No. 83.—Elliot B. Loyless, plaintiff in error, vs. Josiah Howell, defendant in error.

[1.] A judgment dissolving an injunction, will not be disturbed, unless rendered in the flagrant abuse of discretion.

In Equity, in Kinchafoonee Superior Court. Decision by Judge Crawford, at Chambers, May 18, 1854.

This bill was filed to correct an alleged mistake, in a bond for titles. The allegations were, that Loyless, the complainant, owning land in and around the village of Hardmoney, in .said county, laid off a part thereof into town lots ; and at different times, at public and private sales, disposed of many of the lots. One of the terms and conditions of *all* the sales, fully expressed and made known was, that the grantees should neither sell, or permit the sale of spirituous liquors on the said lots, on pain of forfeiture of title, and reversion to the grantor. That he bargained a lot to one Allen, and gave bond for titles : that Allen transferred the same to Josiah Howell, at whose request, complainant took up and destroyed the old bond, and made and delivered a new bond for titles to Howell,.

and by mistake, omitted to insert this condition, in reference to the sale of liquors. The bill charged, that Howell knew well the terms and conditions of all the sales made by complainant, having purchased other lots, to which the same conditions were annexed. That Howell was aware of the mistake in the bond, at the time, and fraudulently stood by, and took advantage thereof, and now refused to take a deed with this condition inserted. That he had opened a retail shop for liquors, and was proceeding with the sale thereof on the said lot; that complainant had offered to pay Howell to accept the condition, which he refused; that the value of complainant's land, around the village of Hardmoney, was attributable to the flourishing schools there, and the absence of the sale of spirituous liquors, and the consequent morality and order of the place.

The bill prayed an injunction till the bond was corrected. The answer of Howell denied that he ever heard complainant publish that he would not permit spirituous liquors to be sold on the said lots, and that in the event of such sale, the title would be forfeited. He denied that there was any mistake in his bond, averring that no word was spoken on the subject; nor did he believe complainant intended to insert such a condition, as he made other bonds without it, to other persons. He denies selling liquors on said lot, or intending to do so, and averred that, in order to avoid a law-suit, he had offered to re-sell the lands to complainant, at a sacrifice of $135, which he had refused to do.

Upon the coming in of the answer, a motion was made to dissolve the injunction, which was partially granted by the Court. The order of the Court was, that the injunction, so far as it restrains the defendant from selling ardent spirits, be dissolved; but that, so far as it restrains the alienation of the property conveyed by the bond, it remain in full force, until a final hearing.

To this order, the complainant excepted, and he assigns it for error.

B. S. WORRILL, for plaintiff in error.

TUCKER & BEALL, for defendant.

*By the Court.*—BENNING, J., delivering the opinion.

[1.] This Court has several times held, that the granting and the continuing of the process of injunction, rest in discretion, to be governed by the nature of the case. (*Holt et al. vs. Bank of Augusta,* 9 *Ga. R.* 552.   *Dent vs. Summerlin,* 12 *Ga. R.* 8.   *And see* 13 *Ga.* 145.)

It has also been held, that it will not disturb a judgment made on what rests in discretion, unless the judgment be such as to show a flagrant abuse of the discretion. (*Seely vs. State,* 1 *Kelly,* 215.   *Johnson vs. Fowler & Newton,* 3 *Kelly,* 117. *Moody vs. Fleming,* 4 *Ga. R.* 115.)

Is the judgment excepted to, in this case, such as to show a a flagrant abuse of discretion?   That is the sole question.

It is not.   The answer, whether full or not, denies some of the allegations in the bill; and among them, the allegation that the defendant was selling liquors on the lot.   (1 *Kelly,* 9.   8 *Ga.* 197, 562.   9 *Ga.* 95.)

The answer, too, is almost, if not altogether full, in its denial of the fundamental allegation of the bill, viz: the allegation that a term was left out of the bond by mistake.

And in other serious respects, the answer damages the case made by the bill.

And that case, itself, as stated, is far from strong.   The bill contains no allegation, that *the bond* made to *Allen,* which was the source of Howell's title, contained the stipulation againt the sale of ardent spirits.   Without such an allegation, or some other to stand in its place and serve its purpose, it is not clear that the bill contains any equity in it.

All things considered, we cannot pronounce the judgment complained of, to be one which shows an abuse of discretion, and therefore, we must affirm it.