32507. GENERAL MOTORS ACCEPTANCE CORP. *v.* MONDAY.

TOWNSEND, J. 1. The registration of conditional bills of sale is controlled by the laws relating to the registration of mortgages on personal property. See Code, §§ 67-1403, 67-108.

2. That part of Code § 67-108 relating to "other personal property," contained in the provision that, "All chattel mortgages of stocks of goods, wares, and merchandise, or *other personal property* [italics ours], shall be recorded, in case the same is upon property or goods located in some other county than that of the mortgagor's residence, in the county where said personal property is located at the time of the execution of said mortgage, in addition to the record of said mortgage in the county of the mortgagor's residence," must be construed in accordance with the doctrine of ejusdem generis. This statute, in specifically referring to stocks of goods, wares, and merchandise, contemplates a situation where a person may live in one county and possess such property located in another county, as a merchant, or similar tradesman, who may live in one county and operate a store, or other business in another county. A chattel mortgage on property thus kept must be recorded in the county of the mortgagor's residence as well as the county where the property is located at the time of its execution. Accordingly, the automobile in the instant case, which was kept most of the time in the county where the property was located at the time of the execution of the conditional bill of sale, rather than in the county of the residence of the mortgagor, was not ejusdem generis with stocks of goods, wares, and merchandise, it not appearing that the mortgagor was engaged in the business of keeping or storing automobiles in the county where this automobile was located when the conditional bill of sale was executed, or elsewhere. See *Sanders* v. *State,* 86 *Ga.* 717 (12 S. E. 1058); *Fleming* v. *Rome,* 130 *Ga.* 383 (61 S. E. 5); *Beavers* v. *LeSueur,* 188 *Ga.* 393 (3 S. E. 2d, 667). Under Code § 67-108 this conditional bill of sale needed only to be recorded in the county of the mortgagor's residence to constitute constructive notice of its existence.

3. The place where a person engaged in the military service of this country is stationed is not necessarily his residence, since residence is controlled by the intention of such person, rather than the intention of the military authorities. See 3 Bouvier's Law Dictionary, p. 2920; *Commercial Bank of Crawford* v. *Pharr,* 75 *Ga. App.* 364 (43 S. E. 2d, 439).

It follows that the trial court erred in holding the property not subject to the mortgage fi. fa.

*Judgment reversed. MacIntyre, P. J., and Gardner, J., concur.*

DECIDED JUNE 10, 1949. REHEARING DENIED JULY 12, 1949.

*John W. Bennett, Bennet, Peacock & Perry, Asa D. Kelley Jr.,* for plaintiff.

*H. G. Rawls, J. W. Kieve,* for defendant.