## 49727. WEBB et al. v. OLIVER.

CLARK, Judge.

Was the defendant here a sojourner or a Georgia resident? Can such determination as to one being a sojourner, denizen, or resident, be answered as a matter of law by the court rather than submitted to a jury? These are the two principal questions presented for decision.

Plaintiffs, Mary and George Webb, sued Judy Sparks Oliver in December 1973 for damages arising out of an automobile collision. Jurisdiction was sought under the Nonresident Motorists Act through an allegation that defendant was a resident of Alabama on July 6, 1973, the date of the occurrence on which the cause of action was based. The complaint further avers defendant on that date to have been "sojourning in Columbus with her husband, Donald R. Oliver, a member of the United States Army stationed at Fort Benning, Ga." (R. 3). When the collision occurred the vehicle driven by the defendant carried an Alabama license tag and she showed the officer her Alabama driver's license. She also informed the officer her husband was in the army when in fact she was then a feme sole through divorce which had been obtained the previous September.

Defendant filed a motion to dismiss on the ground

that she was a resident of Columbus, Georgia, on the date of the accident. In support of this motion her affidavit and supporting documents were submitted. They showed defendant and her husband, Donald R. Oliver, to have been natives of Alabama prior to marriage. After their wedding in 1965, the husband, a United States army soldier, was transferred to Fort Benning in late 1971. On January 25, 1972, they took title jointly to a residence at 1234 Apostle Drive in Columbus subject to an existing mortgage. They established their home at this location but they never registered to vote in Georgia and there was no evidence that either ever made tax returns in this state. On July 25, 1972, the wife had filed suit for divorce in the Superior Court of Muscogee County, alleging under oath she and her husband were legal residents of this county and state and had been for the required statutory period of six months. As a part of their property settlement the wife obtained fee simple title to the home subject to the outstanding security deed, and she continued to live there after the divorce. In fact, she was still living there the next year on July 6, 1973, when the automobile collision occurred out of which the instant suit arose. The divorce decree dated September 28, 1972, required the husband to pay child support through the Adult Probation Officer of Muscogee County upon discharge or retirement from the armed services and also directed him to transfer title and possession to the automobile.

Plaintiffs-appellants point out certain facts occurring after the collision date, such as re-marriage between the parties, transfer by the military of the husband to Germany where the defendant wife was living with him at the date of the filing of this suit and his address to which the Secretary of State had mailed the suit service papers. Also diligent counsel for plaintiffs presented an affidavit from the home mortgagee that on October 15, 1973, an inspection of the premises had been made because of two monthly payments being in arrears at which time property was found "to be empty and in an abandoned condition." (R. 60).

The trial court ruled defendant to have been a resident of Georgia on July 6, 1973, and sustained the

motion to dismiss. Plaintiffs then took this appeal. *Held:*

1. It should be noted that appellee's counsel here presented the jurisdiction defense via a motion to dismiss rather than by a summary judgment action. This is the proper procedure as was pointed out in the recent case of *Ogden Equipment Co. v. Talmadge Farms,* 232 Ga. 614 (208 SE2d 459) because matters in abatement are generally not proper subjects for summary judgment motions. See also *Rainwater v. Vazquez,* 133 Ga. App. 173 (210 SE2d 380).

2. The trial court correctly considered the crucial date for determination of the residence issue to be July 6, 1973, as that was the date of the occurrence out of which the suit arose. *Young v. Morrison,* 220 Ga. 127 (137 SE2d 456) ruled that where persons were bona fide residents of Georgia when involved in an automobile collision and thereafter moved to another state, defendants cannot then be served under our Nonresident Motorists Act. Thus, in the case at bar, as in *Dill v. Guthrie,* 120 Ga. App. 527, 528 (1) (171 SE2d 359), no jurisdiction could be obtained over the defendant through the Secretary of State under the Nonresident Motorists Act (Code Ann. Ch. 68-8) if the trial court's residence ruling is affirmed.

3. Appellants ardently argue that residence is a question of fact which must be submitted to a jury and cannot be decided by the court as a matter of law. In support of this thesis they quote from *Williams v. Williams,* 226 Ga. 734 (177 SE2d 481) the language at page 736 that residence is "... a mixed question of law and fact 'that could legally be determined only by the jury...'" We recently dealt with the same contention and language in *Pugh v. Jones,* 131 Ga. App. 600, 604 (4) (206 SE2d 650). There we pointed out that this does not apply to instances where the evidence clearly establishes a plain and palpable case because then it becomes a matter of law for determination by the court.

4. The hearing transcript indicates the trial court based its decision on *Thompson v. Abbott,* 226 Ga. 353 (174 SE2d 904). This reliance was not misplaced because there (p. 357) the opinion states: "In *Davis v. Holt,* 105 Ga. App. 125 (123 SE2d 686), the Court of Appeals held that for the purposes of the Georgia Nonresident Motorist Act,

a person could have more than one residence. It further held that if one of these residences was in Georgia, the defendant would not be subject to service under the Act above cited, even though it were also proved that he had an out-of-state residence as well. This court denied certiorari in that case, and we hold that the rule of law set out therein is both sound and applicable to this case." (When the Supreme Court in *Ogden Equipment Co. v. Talmadge Farms,* supra, overruled certain portions of *Thompson v. Abbott,* supra, and *Williams v. Williams,* supra, their decision was expressly limited to procedure and did not affect the substantive law rulings.)

Residence is a question of intention. *Burnett v. Hope,* 124 Ga. App. 273 (183 SE2d 505). The evidence here shows defendant by intent and actions had established a legal residence in Columbus through home ownership, and her declaration on July 25, 1972, in her suit for divorce and her continuance of physical occupancy of this home after the divorce. Accordingly, as a feme sole, this was her legal residence on July 6, 1973. "There must be either the tacit or the explicit intention to change one's domicile before there is a change of legal residence." *Bush v. State,* 10 Ga. App. 544, 546 (73 SE 697). The events occurring after July 6, 1973, based upon remarriage do not affect the plain and palpable fact that defendant's residence on the date of the collision was in Columbus.

The result of our decision may be considered harsh and perhaps contrary to the "purpose of the Nonresident Motorist Act is to provide a ready and efficient remedy in this state." *Cheeley v. Fujino,* 131 Ga. App. 41, 42 (4) (205 SE2d 83). We recognize the validity of such criticism in the light of the instant facts of remarriage and residence abandonment. Nevertheless, as we said in *Crocker v. Crocker,* 132 Ga. App. 587 (208 SE2d 602), "When an appellate court makes such bravura effort [to balance the scales of justice] and thereby temporarily departs from the harmony and symmetry of the law, the result is generally categorized by the cliche: 'Hard cases make bad law.'"

5. The cases relied upon by plaintiff are not applicable. *Vinson v. Porter,* 126 Ga. App. 555 (191 SE2d 297), *General Motors &c. v. Monday,* 79 Ga. App. 609 (54 SE2d 479) and *Evans v. Brooks,* 93 Ga. App. 352 (91 SE2d

799) dealt with military personnel who are treated as sojourners by virtue of their occupation. Defendant here was not in the category of being married to a service man on the date of the occurrence as she was then divorced and had been a feme sole from the date of the decree rendered almost ten months previous to the crucial date of July 6, 1973. The fact of the Alabama license plate and Alabama driver's license do not affect the Georgia residence ruling.

6. The remaining enumeration contends the court erred in overruling plaintiff's objections to the filing of affidavits on the day before the hearing and thus failing to comply with the time requirements of our Civil Practice Act, Code Ann. § 81A-106 (d). The matter here objected to was an amendment placing in the record certified copies of the divorce decree and recorded deeds. This ruling was a matter which came within the court's discretion. *Burger Chef Systems v. Newton,* 126 Ga. App. 636 (1) (191 SE2d 479). Since the instant case is from Columbus it is appropriate to point out that it was Justice Henry L. Benning,[1] one of three Columbus lawyers[2] who have served on our Supreme Court, who said in *Loyless v. Howell,* 15 Ga. 554, 556 that the appellate court ". . . will not disturb a judgment made on what rests in discretion, unless the judgment be such as to show a flagrant abuse of the discretion." The trial judge here offered to postpone the hearing if counsel deemed it necessary. This and the nature of the proffered documents showed proper exercise of discretion.

*Judgment affirmed. Bell, C. J., and Quillian, J., concur.*

---

[1]Confederate General Benning (1814—1875) at the age of 40 became the youngest Supreme Court Justice in Georgia's history. In *Padleford v. Mayor &c. of Savannah,* 14 Ga. 438, he wrote an 82-page decision holding "The Supreme Court of Georgia is co-equal and co-ordinate with the Supreme Court of the U. S.; and therefore, the latter cannot give the former an order or make for it a precedent."

[2]The others were M. H. Blandford (1826—1902) and S. Price Gilbert (1862—1951).

ARGUED OCTOBER 7, 1974 — DECIDED NOVEMBER 21, 1974 —
REHEARING DENIED DECEMBER 16, 1974 — ■

*Vincent P. McCauley,* for appellants.
*W. H. Young, III,* for appellee.