## 29678. WEBB et al. v. OLIVER.

HALL, Justice.
On further consideration of the record in the present case, this court holds that the application for writ of certiorari was improvidently granted, and accordingly this case is dismissed.
*All the Justices concur, except Hill, J., who dissents.*

ARGUED MARCH 10, 1975 — DECIDED APRIL 22, 1975 — REHEARING DENIED MAY 13, 1975.

*Vincent P. McCauley,* for appellants.
*William H. Young, III,* for appellee.

HILL, Justice, dissenting.
The facts of this case appear in the opinion of the Court of Appeals, *Webb v. Oliver,* 133 Ga. App. 555 (211 SE2d 605). In summary it can be said that there was evidence that on July 6, 1973, the date of the automobile collision in issue, the defendant was or may have been a resident of Muscogee County, Georgia, was or may have been a resident of Daviston, Alabama, or was or may have been a resident of both. In any event, on the date suit was filed the defendant was living in Germany.

The complaint asserted jurisdiction over the defendant under the Nonresident Motorists Act, Code Ann. § 68-801 et seq.

After hearing evidence, the trial court granted defendant's motion to dismiss for lack of jurisdiction over the defendant, the Court of Appeals affirmed, and this court granted certiorari but now dismisses the writ as having been improvidently granted.

In my view, the trial court and Court of Appeals

correctly followed decisions of this court which were incorrectly decided and this court should review the status of the issues presented here.

Our Nonresident Motorists Act has been construed to be inapplicable to motorists who were residents of this state at the time of the collision but who thereafter moved their residence beyond the limits of this state.

An attempt in 1957 by the General Assembly to extend the applicability of the Nonresident Motorists Act to persons ceasing to be residents of this state (Ga. L. 1957, pp. 649, 650; Code Ann. § 68-808) was held to be unconstitutional in *Young v. Morrison,* 220 Ga. 127 (137 SE2d 456), upon the authority of the 1877 decision in Pennoyer v. Neff, 95 U. S. 714 (24 LE 565). In *Young v. Morrison,* this court declined to apply the more recent (1945) decision of the Supreme Court in International Shoe Co. v. Washington, 326 U. S. 310 (66 SC 154, 90 LE 95), which was based upon "minimum contacts."

Pennoyer v. Neff has been substantially qualified by the "minimum contacts" test, 20 AmJur2d, Courts, § 146. This court did not relax its hard rule of construction so as to effectuate the legislative will in *Young v. Morrison,* supra. In my view a resident of this state who leaves it has sufficient contacts here to be called upon to defend a suit for a tort committed while a resident. However, we should not revive Code Ann. § 68-808 by judicial decision. These references to *Young v. Morrison* merely show where I believe the court proceeded in the wrong direction vis-a-vis resident motorists. *Young v. Morrison* was followed in *Thompson v. Abbott,* 226 Ga. 353 (174 SE2d 904). *Thompson* relied upon *Davis v. Holt,* 105 Ga. App. 125 (123 SE2d 686).

In *Davis v. Holt,* 105 Ga. App. 125 (123 SE2d 686), plaintiff's suit for personal injuries suffered in an auto collision was filed in Walker Superior Court and defendant was served under the Nonresident Motorists Act. The defendant filed a plea to the jurisdiction urging that service under the Act was improper because at the time of the accident and at the time of service of process he was a resident of Fulton County. Affidavits and counter-affidavits were filed and defendant's motion for summary judgment was granted. The Court of Appeals

affirmed on the basis that the uncontradicted evidence showed that at the time of the accident, the defendant was a resident of Georgia (Fulton County) and a temporary sojourner in Alabama.

The Court of Appeals stated further that the defendant was not estopped to deny his residence in Alabama in that, at most, the evidence merely pointed to the possibility that defendant had two residences. This court denied certiorari in that case.

In my opinion, *Davis v. Holt* was correctly decided but for the wrong reason. As a resident of Fulton County at the time suit was filed, the defendant was constitutionally entitled to be sued there. Where a person has a residence in Georgia at the time suit for personal injuries is filed against him, the Constitution requires that it be tried in the county where the defendant resides. Code Ann. § 2-4906.

If a nonresident has an automobile accident in this state and then moves his residence to Georgia, the Constitution takes precedence over the Nonresident Motorists Act which otherwise generally fixes venue in such cases in the county where the accident occurred or where the plaintiff resides. Code Ann. § 68-803.

In my view, *Davis v. Holt,* supra, should have been decided on the basis of venue, not on the basis of jurisdiction over the person.

As heretofore noted, this court adopted and expanded *Davis v. Holt* in *Thompson v. Abbott,* 226 Ga. 353 (174 SE2d 904). *Davis* had involved a resident of Georgia sojourning in Alabama. In *Thompson,* the evidence showed that on the date of the collision the defendant (actually third party defendant) had a Georgia residence and an Alabama residence but that she was not a resident of Georgia when suit was filed. Her motion to dismiss was denied by the trial court and on appeal that motion, treated as a motion for summary judgment, was held to have been improperly denied under the authority of *Davis v. Holt. Thompson* thus expanded *Davis* to include a person with two residences. However, this court went even further in *Thompson* and held that where the defendant's evidence shows residence in Georgia at the time of the accident and plaintiff's evidence shows

residence outside Georgia at that time, unless the plaintiff can somehow controvert the evidence submitted by the defendant as to residence in Georgia, plaintiff's evidence as to foreign residence is "irrelevant," and a motion for summary judgment by the defendant should be granted.

In my view, *Thompson v. Abbott,* supra, was decided erroneously for two reasons, one involving the applicability of the Nonresident Motorists Act and the other involving the means of determining the applicability of that Act. In *Thompson* there was evidence that at the time of the collision, the defendant had a residence outside Georgia. The Nonresident Motorists Act could therefore have been applicable under my view. "The acceptance by any nonresident of this State . . . of the rights and privileges conferred by the laws . . . permitting the operation of motor vehicles . . . shall be deemed equivalent to the appointment . . . of the Secretary of the State . . ." Code Ann. § 68-801. Thus, a person with two residences, one in Georgia and one not in Georgia, has a non-Georgia residence for purposes of the Nonresident Motorists Act.

If such person maintains the Georgia residence until suit is filed, the venue provisions of the Constitution are applicable. However, if such person relinquishes the Georgia residence before suit is filed, such residence in Georgia at the time of the collision should not, in my view, preclude application of the Nonresident Motorists Act.

Moreover, *Thompson v. Abbott* distorted motions for summary judgment and the means for determining the applicability of the Nonresident Motorists Act. Where the defendant produces evidence as to residence in Georgia and the plaintiff produces evidence only as to residence outside Georgia, there is no genuine issue as to any material fact according to *Thompson* and the defendant is entitled to judgment as a matter of law.[1]

---

[1]In *Thompson* the court also held that the "Long-Arm" Statute, Code Ann. § 24-113.1, was unavailable to obtain service upon a resident of Georgia involved in an auto collision who thereafter moves that

In *Ogden Equipment Co. v. Talmadge Farms, Inc.,* 232 Ga. 614 (208 SE2d 459), this court overruled *Thompson v. Abbott* insofar as *Thompson* indicated that a motion to dismiss for lack of jurisdiction over the person (Code Ann. § 81A-112 (b) (2)) may be raised by or treated as a motion for summary judgment. By pointing to Code Ann. §§ 81A-112 (d) and 81A-143 (b), *Ogden Equipment* thereby made the question of residence a question to be decided by the court, but nevertheless a question to be decided under the *Thompson v. Abbott* standard that any evidence of a residence in Georgia precludes applicability of the Nonresident Motorists Act. See Divisions 3 and 4 of the opinion of the Court of Appeals in this case.

Thus, no matter how much evidence the plaintiff produced in the court below to show that this defendant was a resident of Alabama on the date of the collision, that evidence is "irrelevant" under *Thompson* and defendant's evidence of residence in Georgia must be accepted without trial by jury.

In my view *Ogden Equipment,* although undoubtedly correct, compounded this particular problem when it overruled *Thompson v. Abbott* as to motions for summary judgment but left intact the *Thompson* motion for summary judgment standard for determination of questions of residence.

To me, these issues are of sufficient gravity and importance to warrant review on certiorari. Rule 37(j). The 1957 attempt by the General Assembly to expand the applicability of the Nonresident Motorists Act to cover residents who remove themselves from this state following an automobile collision was thwarted in *Young v. Morrison,* supra. Following that decision, the

residence to another state. This interpretation was confirmed by Ga. L. 1968, pp. 1419, 1420 (Code Ann. § 24-117), which was not yet in effect on the date of the collision involved in *Thompson.*

The problem is that the Long Arm Statute, by present statutory definition (Code Ann. § 24-117), is unavailable under the circumstances of the present case, and thus only the Nonresident Motorists Act is open for consideration by this court.

applicability as well as the means of determining the applicability of the Act were further restricted in *Thompson v. Abbott,* supra.

These issues warrant, in my view, consideration by this court in this case. We have proceeded case by case from strict statutory construction to denial of trial by jury. I would reconsider these issues. I therefore respectfully dissent from the dismissal of the writ of certiorari in this case.