Harold **JIMERSON**, Plaintiff,

v.

Patricia Williamson **PRICE**, Defendant.

**Civ. A. No. 75–160–MAC.**

United States District Court,
M. D. Georgia,
Macon Division.

April 9, 1976.

T. C. Garwood, Fort Valley, Ga., for plaintiff.

Cubbedge Snow, Jr., Macon, Ga., for defendant.

OWENS, District Judge:

Defendant, a resident of Chicago, Illinois, was personally served in that city with a copy of the complaint in this diversity action in which plaintiff seeks to recover damages for personal injuries suffered as a result of an automobile collision involving the two litigants. The parties have stipulated that, on the date of the collision, defendant was a resident of Georgia. Defendant's motion to dismiss raises the question whether Georgia's "long-arm" statute is applicable in this situation. If it is not, service has not been made as authorized by law; this court is without jurisdiction of the defendant; and the case must accordingly be dismissed. On the other hand, if the statute is applicable, service has been made under its terms and, consequently, the defendant has been properly served under Rule 4(d)(7), Federal Rules of Civil Procedure, which authorizes service in accord "with a statute or rule of court of the state in which the district court is held."

Since 1966, Georgia law has provided:

"A court of this State may exercise personal jurisdiction over any nonresident, or his executor or administrator, as to a cause of action arising from any of the acts, omissions, ownership, use or possession enumerated in this section, in the same manner as if he were a resident of the State, if in person or through an agent, he:

(a) Transacts any business within this State; or

(b) Commits a tortious act or omission within this State . . . ."

Ga.Code Ann. § 24–113.1.

While the statute is obviously applicable to a nonresident who is sued because of a tort he has committed while in the state as a nonresident, some doubt exists as to its applicability when the nonresident defendant was a Georgia resident at the time he committed the tort. In *Thompson v. Abbott*, 226 Ga. 353, 174 S.E.2d 904 (1970), a nonresident third party defendant had been served under the long-arm statute, as enacted in 1966, on a tort claim arising out of an automobile collision which had occurred when he was a resident of the state. The Georgia Supreme Court held that the statute was not applicable:

"The ordinary signification of the term 'nonresident' would seem to be mutually exclusive with the ordinary signification of the word 'resident'. The statute in question clearly does not apply."

*Id.* at 358, 174 S.Ed.2d at 908.

Because in the precise language of the statute jurisdiction could be exercised only over a "nonresident . . . if in person or through an agent, he . . . commits a tortious act" and in this case a resident had committed the alleged tort, the statute was not applicable.

Although it would seem that the rationale of *Thompson v. Abbott* squarely controls this case adversely to plaintiff, its effect was seriously undermined in the later case of *Davis Metals, Inc. v. Allen*, 230 Ga. 623, 198 S.E.2d 285 (1973). There the defendant employee while a resident of Georgia had executed an employment contract which included a non-competition covenant; the plaintiff employer sued him in a Georgia court after the employee had moved to Alabama and set up business in that state in violation of the contract. As in the case of tort claims, the statute provides for jurisdiction only over a "nonresident . . . if in person or through an agent, he: (a) Transacts any business within this State . . . ." Under the rationale of *Thompson v. Abbott*, then, the court should have found the long-arm statute inapplicable inasmuch as the defendant had not transacted business in the state as a nonresident. On the contrary, however, the fact that the nonresident had been a Georgia resident when the contract was executed was specifically noted as a factor indicating that the "transacts business" requirement had been met and that the statute was applicable. While the *Thompson v. Abbott* court had insisted that the statutory language be read literally, the *Davis Metals, Inc. v. Allen* tribunal read the present tense of the statute as including the past: a nonresident who "transacted business" in the state is subject to personal jurisdiction in Georgia just as is a nonresident who at the time of suit "transacts business" in the state.

*Thompson v. Abbott* is thus implicitly overruled by *Davis Metals, Inc. v. Allen.* Although no Georgia court has so held, and some Georgia authority has approved its interpretation of the long-arm statute, *e. g., Webb v. Oliver*, 234 Ga. 361, 364 n. 1, 216 S.E.2d 76 (1975), *dismissing cert. to* 133 Ga.App. 555, 211 S.E.2d 605 (1974) (dissenting opinion); *Railey v. State Farm Mut. Auto. Ins. Co.*, 129 Ga.App. 875, 201 S.E.2d 628 (1973) (dicta), no case has directly considered *Thompson v. Abbott* in light of the later case, and other Georgia authority subsequent to *Thompson v. Abbott* indicates that the Georgia courts now take a more favorable view of jurisdiction over nonresidents than the narrowly circumscribed one in *Thompson v. Abbott*. Thus, in applying the "Illinois rule" that a tort occurs in the state in which a product causes injury, even if it was manufactured elsewhere, the Supreme Court of Georgia noted in *Coe & Payne Co. v. Wood-Mosaic Corp.*, 230 Ga. 58, 61, 195 S.E.2d 399, 401 (1973):

> "[W]e are impressed by the protective policy for this State's citizens enunciated so well in the following quote from *Nelson v. Miller*, 11 Ill.2d 378, 384, 143 N.E.2d 673 (1957): 'The foundations of jurisdiction include the interest that a State has in providing redress in its own courts against persons who inflict injuries upon, or otherwise incur obligations to, those within the ambit of the State's legitimate protective policy. The limits on the exercise of jurisdiction are not "mechanical or quantitative" (*International Shoe Co. v. Washington*, 326 U.S. 310, 319, 66 S.Ct. 154, 159, 90 L.Ed. 95 (1945)) but are to be found only in the requirement that the provisions made for this purpose must be fair and reasonable in the circumstances, and must give to the defendant adequate notice of the claim against him, and an adequate and realistic opportunity to appear and be heard in his defense.'"

Commenting on this decision and likewise adopting a broad view of personal jurisdiction in subjecting an individual who sold one automobile in Georgia to the jurisdiction of Georgia courts, the Georgia Court of Appeals in *Greenfield v. Portman*, 136 Ga.App. 541, 543, 221 S.E.2d 704 (1975) recently stated:

> "The intent of the Long Arm Statute [is] to extend personal jurisdiction to the perimeters or full limits allowed under the Federal Constitution."

The restrictive reading given the long-arm statute in *Thompson v. Abbott* overlooks the policy of the state as later explained by the Supreme Court of Georgia in *Coe & Payne* to protect the

interests of Georgia plaintiffs and is clearly contrary to the statute's intent as described in *Greenfield v. Portman* to expand the jurisdiction of the Georgia courts to full constitutional limits. Surely, the promised protection is not forthcoming when the Georgia plaintiff is deprived of a Georgia forum for his claim against a nonresident solely because he is a former resident; if anything, it would seem to be more appropriate to require a former resident to answer than a nonresident whose only contact with the state may be the one incident giving rise to the lawsuit. In the absence of compelling authority to continue the illogical distinction created by *Thompson v. Abbott* and in the face of compelling reasons to disregard them, the court finds that, under Georgia law, the statute is applicable to a tort claim against a nonresident defendant who was a Georgia resident at the time of the alleged tort.

■ A minor addition to the statutory scheme—the effective date of which came after the events in *Thompson v. Abbott* and before the events in *Davis Metals, Inc. v. Allen*—supports the court's conclusion that the guiding principles must be found in *Davis Metals, Inc. v. Allen*. In 1968, the Georgia legislature added the following definition of "nonresident":

> "As used in this law 'nonresident' includes an individual, or partnership, association or other legal commercial entity (other than a corporation) not residing, domiciled, organized or existing in this State at the time a claim or cause of action under [section 24–113.-1] arises, . . ." [1968] Ga.Laws 1419, 1420, *codified*, Ga.Code Ann. § 24–117.

The use of the word "includes" implies that its operation is not to be limited to those so delineated. Applying instead the broad, liberal interpretation required by cases such as *Coe & Payne* and *Greenfield v. Portman*, the court finds that the statute easily includes *all* nonresidents within its scope and does not distinguish on the arbitrary ground that

at the time the conduct giving rise to jurisdiction took place the defendant was a resident of the state.

In light of the Supreme Court of Georgia decision in *Davis Metals, Inc. v. Allen*, which completely subverts the rationale of the otherwise controlling earlier case and the trend of the Georgia decisions in favor of an expansive view of jurisdiction under the long-arm statute, the court concludes that the statute is applicable in this instance. Service of process was therefore proper, the defendant is properly before the court, and the motion to dismiss is therefore denied.