## 67702. LANCE v. SAFWAT.

BENHAM, Judge.

Appellant filed a medical malpractice suit against appellee in Jackson County, the site of the alleged malpractice. In his answer, appellee raised the defense of improper venue, and he subsequently executed an affidavit in which he stated that he was presently a resident of DeKalb County and had resided there when the alleged malpractice occurred and when the complaint was filed. A hearing was held pursuant to OCGA § 9-11-12 (d) and after considering appellee's affidavit and appellant's offer of proof, the trial court found that appellee had been a resident of DeKalb County at all pertinent times and ordered the complaint dismissed for improper venue. In her appeal, appellant argues that the trial court erroneously refused to allow her to introduce evidence at the hearing and erroneously refused to grant the jury trial she requested on the issue.

1. Appellant contends that the trial court ruled as a matter of law that appellant could not introduce evidence to overcome appellee's affidavit. Perusal of the hearing transcript shows this not to be the case. Appellant offered evidence that appellee's wife owned a Jackson County residence and had applied for a homestead exemption thereon; that appellee had practiced medicine in Jackson County; and that appellee frequently spent the night at his wife's Jackson County residence. The trial court correctly ruled that these indicia of Jackson County residency did not, as a matter of law, rebut appellee's affidavit that he was a resident of DeKalb County. The Georgia Constitution provides that all civil cases such as the one at bar "shall be tried in the county where the defendant resides." Georgia Constitution, Art. VI, Sec. II, Par. VI. Neither the domicile nor the residence of one spouse is presumed to be that of the other spouse. OCGA § 19-

2-3. See *State Farm Mut. Auto. Ins. Co. v. Gazaway*, 152 Ga. App. 716 (263 SE2d 693). Thus, the trial court did not err when it concluded that evidence of the residency of appellee's wife was irrelevant. Similarly, the fact that appellee, an individual, practices medicine in Jackson County is irrelevant to the question of venue and residency. Georgia Constitution, Art. VI, Sec. II, Par. VI. Lastly, the fact that appellee spent several nights at his wife's Jackson County home does not refute his avowed intent to remain a resident of DeKalb County. See *Sorrells v. Sorrells*, 247 Ga. 9 (3) (274 SE2d 314). In actuality, appellant was not prevented from presenting evidence to rebut appellee's affidavit. Compare *Sherwood Mem. Park v. Bryan*, 142 Ga. App. 664 (236 SE2d 903). Rather, the trial court found the evidence appellant proffered either irrelevant or insufficient. The error of which appellant complains did not occur.

2. Nor did the trial court err by making the above determinations without the intervention of a jury. We note that OCGA § 9-11-12 (d) provides that the trial court may hear and determine the issue of improper venue and that case law has held that factual issues presented at such hearings shall be determined by the trial court. See, e.g., *Durdin v. Taylor*, 159 Ga. App. 675 (285 SE2d 51). However, the decision in the seminal case on the issue noted that no demand for jury trial on the preliminary hearing issues was ever made. *Hatcher v. Hatcher*, 229 Ga. 249, 251 (190 SE2d 533). We have been unable to locate a case which states that the trial court is to make all factual determinations despite the request of a party for jury intervention. However, we need not decide the question here because the facts of the case at bar do not compel such a determination. The indicia of residency compiled by appellant, even if assumed to be true, did not, as a matter of law, refute appellee's affidavit. See Division 1. There is no evidence in conflict with appellee's affidavit. Thus, "[t]here is no reason why the trial judge could not determine the [issue] in this case before trial without submitting the jurisdictional issue to a jury. [Cits.]" *Rainwater v. Vazquez*, 135 Ga. App. 463 (1) (218 SE2d 108).

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED APRIL 12, 1984.

*Walter B. Harvey*, for appellant.
*Robert L. Pennington, Jane Nothmann*, for appellee.