## S08A0688. DOZIER et al. v. BAKER.
(661 SE2d 543)

CARLEY, Justice.

Robert B. Baker has been a member of the Public Service Commission (PSC) since his initial election in 1992. The General Assembly subsequently "amended OCGA § 46-2-1 to establish that new members elected to the commission must reside within specific districts." *Cox v. Barber,* 275 Ga. 415 (568 SE2d 478) (2002).

> In order to be elected as a member of the commission from a [PSC] District, a person must have resided in that district for at least 12 months prior to election thereto. A person elected as a member of the commission from a [PSC] District by the voters of Georgia must continue to reside in that district during the person's term of office or that office shall thereupon become vacant.

OCGA § 46-2-1 (b). "The legislature made this residency requirement effective for elections for . . . district two in [November] 2004. [Cit.]" *Cox v. Barber,* supra at 416. See also OCGA § 46-2-1 (d). Although Commissioner Baker did not previously reside in District Two, he purchased a home in Clarke County, which is in that district, in August 2003. After defeating Roger Dozier in the primary, Baker was elected as Commissioner from District Two in November 2004.

Thereafter, Dozier and Eleanor McMannon (Appellants), as citizens, taxpayers, and registered voters residing in PSC District Two, filed a petition for writ of quo warranto against Commissioner Baker, alleging that he actually resides in DeKalb County, which is in District Three. After discovery, the trial court granted summary judgment in favor of Commissioner Baker, finding in an extensive order "that the undisputed evidence in the record establishes [his] intent to make Clarke County his residence for at least 12 months prior to his election to the PSC as the District Two Representative. . . ." Appellants appeal from that order.

1. Appellants contend that the trial court erred by applying the wrong legal standard to the term "reside" as used in OCGA § 46-2-1 (b). "Wherever a form of 'the word "reside" occurs either in the

statutes or in the constitution of Georgia with respect to voting, it should be construed to mean "domicile." ' [Cit.]" *Holton v. Hollingsworth*, 270 Ga. 591, 593 (5) (514 SE2d 6) (1999) (quoting *Avery v. Bower*, 170 Ga. 202, 206 (2) (152 SE 239) (1930)). The trial court's citations and analysis establish that it was applying this correct standard of domicile or legal residency. Its repeated use of the term "residency" did not exclude the meaning of "domicile." "The two words are frequently used carelessly to convey the same idea, as will be found in our statutes with regard to registration and voting. . . . The word 'reside' here is used in the sense of 'domicile.' " *Avery v. Bower*, supra. "This meaning of residence is consistent with the rules for determining residence [in the sense of domicile] in the Election Code. . . . OCGA § 21-2-217." *Holton v. Hollingsworth*, supra.

2. Appellants further contend that the trial court improperly limited the evidence which it considered and erroneously found that Commissioner Baker meets the legal residency requirements as a matter of law. Although domicile is a mixed question of law and fact which is ordinarily for a jury where the evidence is in conflict, domicile should be determined by the trial court as a matter of law when the evidence establishes a plain and palpable case. *Webb v. Oliver*, 133 Ga. App. 555, 557 (3) (211 SE2d 605) (1974); *Pugh v. Jones*, 131 Ga. App. 600, 604 (4) (206 SE2d 650) (1974).

Commissioner Baker testified by deposition that his intention in 2003 was to make District Two his permanent residence. See OCGA § 21-2-217 (a) (3), (4.1), (6). He presented documentation of his legal residency in that district which included his voter registration and voter history, driver's license, homestead exemption on property in Clarke County in 2007, and vehicle registrations. *Anderson v. Flake*, 270 Ga. 141, 143 (3), fn. 3 (508 SE2d 650) (1998). See also OCGA § 21-2-217 (a) (2), (13), (14), (b). Indeed, it appears without dispute that Commissioner Baker has voted ten times in Clarke County since registering there in 2003. Both his voter registration and actual voting in Clarke County are particularly persuasive. *Smiley v. Davenport*, 139 Ga. App. 753, 758 (2) (229 SE2d 489) (1976). Other evidence that Commissioner Baker's domicile is in Clarke County includes his purchase of a home and additional real property, payment of property tax and utilities, service on a traverse jury, income tax returns, campaign disclosure reports, his qualifying affidavit to run for re-election, receipt of personal and business mail, and church attendance. See OCGA § 21-2-217 (a) (15), (b).

Commissioner Baker's evidence is not refuted by the fact that he still uses and pays expenses for the DeKalb County home, which is now wholly owned by his wife and for which she claimed homestead exemption in 2004 through 2006. "Neither the domicile nor the residence of one spouse is presumed to be that of the other spouse.

OCGA § 19-2-3. [Cit.]" *Lance v. Safwat*, 170 Ga. App. 694-695 (1) (318 SE2d 86) (1984). See also OCGA § 21-2-217 (a) (7). Likewise, a genuine issue of material fact is not created by evidence that Commissioner Baker spends a majority of time at the DeKalb County house in order to facilitate the performance of his official duties, to which he is required by OCGA § 46-2-1 (a) to devote his entire time. See *Lance v. Safwat*, supra at 695 (1); OCGA § 21-2-217 (a) (11). "A person may have several residences, but only one domicile. [Cit.] . . . 'No definite amount of time spent in a place is essential to make that place a home.' [Cit.]" *Smiley v. Davenport*, supra at 756-757 (2). See also *Williams v. Williams*, 191 Ga. 437, 440 (12 SE2d 352) (1940) ("Time of residence in another jurisdiction is not decisive of the question of domicile."); *Avery v. Bower*, supra at 204 (1).

Furthermore, the trial court correctly recognized that "[t]he proper question for [it] is not [Commissioner Baker's] motive for his actions, but rather his intent to establish [legal] residency in Clarke County." Although Commissioner Baker changed his domicile in order to run for election in District Two, he was not forced to do so, but voluntarily took numerous steps to make Clarke County his permanent residence. Compare *Williams v. Williams*, supra at 439 (where a woman did not change her domicile when she was forced to leave her husband because of his cruel treatment, lived or boarded with friends in an adjacent jurisdiction, and desired to return when possible).

Appellants' evidence of Commissioner Baker's longtime personal and professional associations outside of District Two and his continued use of the DeKalb County address for checks and bank statements does not prove that he failed to abandon the DeKalb County house as his domicile, but only shows that he has retained certain past ties outside District Two. None of Appellants' evidence presented any facts inconsistent with Commissioner Baker's evidence and sworn intention that his domicile is in Clarke County. *Davis v. Holt*, 105 Ga. App. 125, 131 (1) (c) (123 SE2d 686) (1961).

> Because the plain, palpable and undisputed evidence presented by [Commissioner Baker] showed that [he] had satisfied the residency requirements of the [district] in which [he] was elected to serve as a [PSC commissioner], the trial court was authorized to grant [his] motion for summary judgment. [Cit.]

*Anderson v. Flake*, supra.
> *Judgment affirmed. All the Justices concur.*

DECIDED MAY 19, 2008.

*Parks, Chesin & Walbert, A. Lee Parks, David F. Walbert, Steven E. Wolfe,* for appellants.

*Holland & Knight, Robert S. Highsmith, Jr., Heather A. Calhoun,* for appellee.