**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**MCMILLIAN and GOSS, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**June 26, 2019**

# In the Court of Appeals of Georgia

A19A0009. WERTZ v. MARSHALL.

GOSS, Judge.

On appeal from the denial of her motion to dismiss a father's petition in this custody dispute, the mother argues that the superior court erred because a Florida court maintains jurisdiction over the petition under the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), codified in Georgia as OCGA § 19-9-40 et seq. We disagree and therefore affirm.

Julie Wertz and Charles Shayne Marshall were married and have two children. In 2006, the parties divorced in Florida. The Florida court awarded Wertz physical custody of the children. In 2012, Wertz allowed the younger child to live with Marshall, who had moved to Georgia, and the child has lived with him ever since. In

2017, Marshall filed this petition to modify the Florida custody award, seeking sole, permanent custody of that child.

Wertz filed an answer in which she admitted an allegation in Marshall's petition that she is a resident of Colorado and that the Walker County Superior Court had jurisdiction over the petition. At that time, Wertz's husband, an active duty service member, was temporarily stationed in Colorado. About six months later, Wertz moved to dismiss Marshall's petition under the UCCJEA.

The trial court denied the motion to dismiss. In its order, the trial court found that Wertz "by and through counsel filed an Answer admitting that this Court has jurisdiction and venue to hear this case and that [Wertz] is a resident of the State of Colorado" and that Wertz "did not timely file a motion or pleading raising the defenses of lack of jurisdiction, improper venue, or insufficient service of process pursuant to OCGA § 9-11-12, and consequently, such defenses are waived by law." The court entered a final order on Marshall's custody modification petition, and Wertz filed a timely notice of appeal.

Wertz argues that the trial court erred in addressing the merits of the modification petition because the court in Florida had exclusive jurisdiction over the case, because that court took no action to relinquish its jurisdiction, and because

2

Wertz still resides in Florida. Wertz admitted in her answer, however, that she was a resident of Colorado, which conclusively divested the Florida court of jurisdiction.

OCGA § 24-8-821 of the 2013 Evidence Code provides: "Without offering the same in evidence, either party may avail himself or herself of allegations or admissions made in the pleadings of the other." See also former OCGA § 24-3-30 (2012); *Georgia-Pacific v. Fields*, 293 Ga. 499, 501 (1) (748 SE2d 407) (2013) ("admissions or allegations appearing in the pleadings are treated as admissions in judicio and, if not withdrawn, are conclusive of the facts contained therein").

As the dissent points out, this trial court was not in a position to conclude that the mother waived the matter of the court's own subject matter jurisdiction. It remains true, however, that the father availed himself of the mother's admission in her answer, filed by counsel, that she was a Colorado resident. This was an admission of fact. See Black's Law Dictionary, 10th ed., 2014 (defining residence as "[t]he place where one actually lives, as distinguished from a domicile"). Further, the dissent cites no relevant authority for its suggestion that the answer's unverified status has some bearing on the status of any admissions it might have contained.

As will often be the case, the mother later disclaimed the admission as not actually authorized by her. But this disclaimer does not effect a withdrawal of the

3

admission; on the contrary, the mother was not authorized to present any evidence on the factual question of her residency, which was established beyond dispute, as in Colorado rather than Florida. Nor does the record show that the mother ever amended her answer or asked the court's permission to withdraw the admission made therein.

It follows from the above that the trial court did not err in concluding, after a hearing on the issue, that because the mother had admitted to residency in Colorado, the question of subject matter jurisdiction was settled in favor of the Georgia trial court such that the mother's motion to dismiss the father's petition should be denied. See OCGA § 19-9-62 (a) (2) (a court retains jurisdiction under the UCCJEA until, among other things, that or another court "determines that neither the child nor the child's parents or any person acting as a parent presently resides in [that] state").

*Judgment affirmed. McMillian, J., concurs. McFadden, P. J. dissents.* \*

**\* THIS OPINION IS PHYSICAL PRECEDENT ONLY. COURT OF APPEALS RULE 33.2(a).**

A19A0009. WERTZ v. MARSHALL.

MCFADDEN, Presiding Judge, dissenting.

Whether jurisdiction over this custody dispute is properly before the Florida court in which these parties divorced turns on questions of fact. Wertz's acknowledgment — in an unverified answer — of her temporary residence in Colorado arising from her husband's military service is not dispositive. So I respectfully dissent. I would vacate the trial court's judgment and remand for the trial court to address whether he could exercise jurisdiction under the UCCJEA.

Wertz's challenge to the Walker County Superior Court's jurisdiction under the UCCJEA raises the issue of jurisdiction over the subject matter, *Kuriatnyk v. Kuriatnyk*, 286 Ga. 589, 590 (1) (690 SE2d 397) (2010), which cannot be waived. *Kogel v. Kogel*, 337 Ga. App. 137, 140 (786 SE2d 518) (2016) (citations and punctuation omitted; emphasis in original). So the trial court erred by denying the motion to dismiss on the ground that Wertz waived the issue of a lack of subject matter jurisdiction.

We review the issue of the trial court's subject matter jurisdiction de novo. *Delgado v. Combs*, 314 Ga. App. 419, 425-426 (1) (724 SE2d 436) (2012). Wertz argues that the trial court erred in addressing the merits of the modification petition because the court in Florida, which has codified the UCCJEA at Fla. Stat. Ann. § 61.501 et seq., has continuing, exclusive jurisdiction over custody since it made the initial custody determination; it took no action to relinquish its jurisdiction; and Wertz still resides in Florida. See OCGA § 19-9-62 (a) (2) (the court of the state that made the initial custody determination retains exclusive, continuing jurisdiction until, among other things, "[a] court of [that] state or a court of another state determines that neither the child nor the child's parents or any person acting as a parent presently resides in [that] state"); *Roach v. Breeden*, 333 Ga. App. 839, 842 (777 SE2d 689) (2015). The majority would affirm the trial court's custody ruling on the ground that Wertz's admission in her answer that she is a resident of Colorado conclusively divested the Florida court of jurisdiction. But that admission alone does not satisfy Marshall's burden of showing that Florida has lost jurisdiction for purposes of the UCCJEA.

"Although there is no [Georgia] case on point, cases from other jurisdictions strongly suggest that more than a perfunctory determination of residence is required

2

to divest an issuing state of jurisdiction" under the UCCJEA. *Brandt v. Brandt*, 268 P3d 406, 412 (II) (B) (4) (¶ 29) (Colo. 2012). See also *Delgado v. Combs*, 314 Ga. App. 419, 425 (724 SE2d 436) (2012) (adopting *Brandt*'s holding regarding the petitioner's burden and stating "[i]n applying and construing the provisions of the UCCJEA as codified in Georgia, we must consider the need to promote uniformity of the law with respect to its subject matter among states that enact it. In accord with this mandate—and given the relative dearth of Georgia law on this subject—we will look to the cases of other jurisdictions when appropriate to resolve the issues in [this] case. . . .") (citation and punctuation omitted).

"'[P]resently reside' [as used in OCGA § 19-9-62 (a) (2) of the UCCJEA] necessitates a broader inquiry into the totality of the circumstances that make up domicile — that is, a person's permanent home to which he or she intends to return to and remain. Black's Law Dictionary at 558 (9th ed. 2009)." *Brandt*, supra, 268 P3d at 415 (II) (B) (5) (¶ 43); *Gustafson v. Gustafson*, 413 P3d 808 (Kan. Ct. App. 2018) (unpublished) (same). Our courts have approved such inquires into residency in other contexts. See *Dozier v. Baker*, 283 Ga. 543 (661 SE2d 543) (2008) (considering evidence, including intent, to determine whether candidate had established legal residence for purposes of election law); *Conrad v. Conrad*, 278 Ga. 107, 108 (597

SE2d 369) (2004) (in divorce action, holding that the trial court properly considered the evidence on the issue of residence and that "[i]t requires both act and intent to establish a residence, and either without the other is insufficient.") (citation and punctuation omitted); *Webb v. Oliver*, 133 Ga. App. 555, 557-558 (4) (211 SE2d 605) (1974) (holding in case under Georgia Nonresident Motorist Act that "a person could have more than one residence;" that residence is a question of intention; and that evidence showed party established a legal residence in Georgia).

Standing alone, Wertz's admission in her answer that she resides in Colorado does not satisfy Marshall's burden of showing that Florida has lost jurisdiction for purposes of the UCCJEA. "[T]he crucial question under the statute is not whether [Wertz] 'resided' in [Colorado], but whether [s]he stopped residing in [Florida]," something the court did not determine. *In re Marriage of Nurie*, 176 Cal. App. 4th 478, 499 (III) (B) (2009). Such a determination is particularly important given that a person may have more than one residence, *Webb*, 133 Ga. App. at 557-558 (4); *In re Marriage of Nurie*, 176 Cal. App. 4th at 500 (III) (B), and that where Wertz lives is related to her husband's military service. See generally *Gen. Motors Acceptance Corp. v. Monday*, 79 Ga. App. 609 (3) (54 SE2d 479) (1949) ("The place where a person engaged in the military service of this country is stationed is not necessarily

4

his residence, since residence is controlled by the intention of such person, rather than the intention of the military authorities.") (citations omitted).

For these reasons, I would vacate the trial court's order and remand for the court to consider all relevant factors and determine whether he could exercise jurisdiction under the UCCJEA.