McFadden, Presiding Judge, dissenting.
Whether jurisdiction over this custody dispute is properly before the Florida court in which these parties divorced turns on questions of fact. Wertz's acknowledgment - in an unverified answer - of her temporary residence in Colorado arising from her husband's military service is not dispositive. So I respectfully dissent. I would vacate the trial court's judgment and remand for the trial court to address whether he could exercise jurisdiction under the UCCJEA.
Wertz's challenge to the Walker County Superior Court's jurisdiction under the UCCJEA raises the issue of jurisdiction over the subject matter, Kuriatnyk v. Kuriatnyk , 286 Ga. 589, 590 (1), 690 S.E.2d 397 (2010), which cannot be waived. Kogel v. Kogel , 337 Ga. App. 137, 140, 786 S.E.2d 518 (2016) (citations and punctuation omitted; emphasis in original). So the trial court erred by denying the motion to dismiss on the ground that Wertz waived the issue of a lack of subject matter jurisdiction.
We review the issue of the trial court's subject matter jurisdiction de novo. Delgado v. Combs , 314 Ga. App. 419, 425-426 (1), 724 S.E.2d 436 (2012). Wertz argues that the trial court erred in addressing the merits of the modification petition because the court in Florida, which has codified the UCCJEA at Fla. Stat. Ann. § 61.501 et seq., has continuing, exclusive jurisdiction over custody since it made the initial custody determination; it took no action to relinquish its jurisdiction; and Wertz still resides in Florida. See OCGA § 19-9-62 (a) (2) (the court of the state that made the initial custody determination retains exclusive, continuing jurisdiction until, among other *111 things, "[a] court of [that] state or a court of another state determines that neither the child nor the child's parents or any person acting as a parent presently resides in [that] state"); Roach v. Breeden , 333 Ga. App. 839, 842, 777 S.E.2d 689 (2015). The majority would affirm the trial court's custody ruling on the ground that Wertz's admission in her answer that she is a resident of Colorado conclusively divested the Florida court of jurisdiction. But that admission alone does not satisfy Marshall's burden of showing that Florida has lost jurisdiction for purposes of the UCCJEA.
"Although there is no [Georgia] case on point, cases from other jurisdictions strongly suggest that more than a perfunctory determination of residence is required to divest an issuing state of jurisdiction" under the UCCJEA. Brandt v. Brandt , 268 P.3d 406, 412 (II) (B) (4) (¶ 29) (Colo. 2012). See also Delgado v. Combs , 314 Ga. App. 419, 425, 724 S.E.2d 436 (2012) (adopting Brandt 's holding *494 regarding the petitioner's burden and stating "[i]n applying and construing the provisions of the UCCJEA as codified in Georgia, we must consider the need to promote uniformity of the law with respect to its subject matter among states that enact it. In accord with this mandate-and given the relative dearth of Georgia law on this subject-we will look to the cases of other jurisdictions when appropriate to resolve the issues in [this] case. ...") (citation and punctuation omitted).
" '[P]resently reside' [as used in OCGA § 19-9-62 (a) (2) of the UCCJEA] necessitates a broader inquiry into the totality of the circumstances that make up domicile - that is, a person's permanent home to which he or she intends to return to and remain. Black's Law Dictionary at 558 (9th ed. 2009)." Brandt , supra, 268 P.3d at 415 (II) (B) (5) (¶ 43) ; Gustafson v. Gustafson , 413 P.3d 808 (Kan. Ct. App. 2018) (unpublished) (same). Our courts have approved such inquires into residency in other contexts. See Dozier v. Baker , 283 Ga. 543, 661 S.E.2d 543 (2008) (considering evidence, including intent, to determine whether candidate had established legal residence for purposes of election law); Conrad v. Conrad , 278 Ga. 107, 108, 597 S.E.2d 369 (2004) (in divorce action, holding that the trial court properly considered the evidence on the issue of residence and that "[i]t requires both act and intent to establish a residence, and either without the other is insufficient.") (citation and punctuation omitted); Webb v. Oliver , 133 Ga. App. 555, 557-558 (4), 211 S.E.2d 605 (1974) (holding in case under Georgia Nonresident Motorist Act that "a person could have more than one residence;" that residence is a question of intention; and that evidence showed party established a legal residence in Georgia).
*112 Standing alone, Wertz's admission in her answer that she resides in Colorado does not satisfy Marshall's burden of showing that Florida has lost jurisdiction for purposes of the UCCJEA. "[T]he crucial question under the statute is not whether [Wertz] 'resided' in [Colorado], but whether [s]he stopped residing in [Florida]," something the court did not determine. In re Marriage of Nurie , 176 Cal. App. 4th 478, 499 (III) (B), 98 Cal.Rptr.3d 200 (2009). Such a determination is particularly important given that a person may have more than one residence, Webb , 133 Ga. App. at 557-558 (4), 211 S.E.2d 605 ; In re Marriage of Nurie , 176 Cal. App. 4th at 500 (III) (B), 98 Cal.Rptr.3d 200, and that where Wertz lives is related to her husband's military service. See generally Gen. Motors Acceptance Corp. v. Monday , 79 Ga. App. 609 (3), 54 S.E.2d 479 (1949) ("The place where a person engaged in the military service of this country is stationed is not necessarily his residence, since residence is controlled by the intention of such person, rather than the intention of the military authorities.") (citations omitted).
For these reasons, I would vacate the trial court's order and remand for the court to consider all relevant factors and determine whether he could exercise jurisdiction under the UCCJEA.