### 23751. MURRAY et al. v. JOHNSON.

Nichols, Justice. On August 1, 1957, the appellee and others sold to Max Bowers described real estate executing a warranty deed. Appellee received a note and deed to secure debt of even date which was satisfied of record in February, 1958. Thereafter, on June 11, 1959, the appellee filed an action seeking to have the cancellation of the deed to secure debt set aside and on June 21, 1961, the satisfaction of the deed to secure debt was set aside. On March 31, 1959, during the period when the record in the office of the clerk of the superior court showed the prior encumbrance satisfied and before the appellee filed suit to have such satisfaction canceled, the First Federal Savings & Loan Association of Griffin, took a deed to secure debt from Max Bowers covering the real estate, and while the action was pending to set aside the satisfaction of the deed to secure debt to the appellee, the deed to secure debt and the note made in connection therewith to the First Federal Savings & Loan Association of Griffin were transferred to the appellant. During the period between the original sale by the appellee to Bowers and the transfer to the appellants of the deed to

secure debt from the First Federal Savings & Loan Association of Griffin the property changed hands, and on the last occasion Bowers was repurchasing the property subject to outstanding security deeds with purchase money furnished by the appellants. Thereafter, the appellants purchased the property under a power of sale contained in a deed to secure debt to them and subject to the deed to secure debt transferred to them by the First Federal Savings & Loan Association of Griffin. Upon the satisfaction of the deed to secure debt to the appellee being canceled she began advertising the property for sale under such deed and the appellants instituted the present action to enjoin the sale and have their title declared superior to the appellee's interest in such property. On the trial of the case the appellants' motion for a directed verdict was overruled as was their motion for a judgment notwithstanding a mistrial made after the jury failed to reach a verdict. The appellants enumerate as error the overruling of these motions. *Held:*

1. The appellants were subrogated to the rights of the First Federal Savings & Loan Association of Griffin. *McCollum v. Lark,* 187 Ga. 292 (200 SE 276), and citations.

2. The sales of property between the time the original deed to secure debt was canceled of record and the cancellation of such satisfaction as a result of the action of the appellee were transfers without notice of the alleged fraud in obtaining such cancellation.

3. "If one with notice shall sell to one without notice, the latter shall be protected; or if one without notice shall sell to one with notice, the latter shall be protected, as otherwise a bona fide purchaser might be deprived of selling his property for full value." *Code* § 37-114. See *Thompson v. Randall,* 173 Ga. 696 (161 SE 377).

4. While a right to redeem the property was conveyed to Bowers at the time purchase money was advanced by the appellants (*Code* § 67-1301) he was not possessed with title at any time after such property was sold to a purchaser without notice of his alleged fraud so as to bring into play the exception to *Code* § 37-114 referred to in *Bourquin v. Bourquin,* 120 Ga. 115 (6) (47 SE 639).

5. There was no conflict in the evidence and the appellants' interest in such property being superior to the appellee's the trial court erred in overruling the appellants' motion for

790

a judgment notwithstanding the mistrial and such judgment must be reversed with direction that a judgment be entered for the appellants in accordance with their motion for a directed verdict.

*Judgment reversed with direction. All the Justices concur.*

ARGUED OCTOBER 11, 1966—DECIDED DECEMBER 5, 1966.

*Beck, Goddard, Owen & Smalley, Robert H. Smalley, Jr.,* for appellants.

*D. M. Johnson, Burdine & Freeman, Essley B. Burdine,* for appellee.