25579. THOMPSON v. ABBOTT et al.

ARGUED JANUARY 14, 1970—DECIDED APRIL 23, 1970—
REHEARING DENIED MAY 21, 1970.

*O'Kelley, Hopkins & Van Gerpen, H. Lowell Hopkins, Benjamin Landey,* for appellant.

*Robinson, Thompson, Buice & Harben, Emory F. Robinson, Dunaway, Shelfer, Haas & Newberry, William S. Shelfer, Jr., John A. Dunaway, George H. Carley, Charles H. Hyatt,* for appellees.

ALMAND, Chief Justice. This litigation is the result of a three-car automobile accident which occurred on March 1, 1968, about one-half mile north of the Chamblee-Tucker Road on U. S. Highway I-85.

Subsequently, Joe Scales filed a complaint against Emerson Abbott and Miss Sidney Elliott for damages for injuries which he allegedly sustained in this accident as a result of their negligence. Mr. Scales subsequently dismissed his action against Miss Elliott.

Emerson Abbott, the remaining defendant, then was allowed to file a third-party complaint against Miss Elliott who had married and become Mrs. Sidney Elliott Thompson. One of these complaints was served on Mrs. Thompson by mail under the provisions of *Code Ann.* § 68-801 (Ga. L. 1937, pp. 732, 733; 1964, p. 299; 1967, pp. 800, 801) (The Nonresident Motorist Act.) An identical third-party complaint was also served on Mrs. Thompson under the provisions of *Code Ann.* § 24-113.1 (Ga. L. 1966, p. 343) (The so-called "Long-Arm" Statute).

Mrs. Thompson, the appellant here, made a special appearance for the purpose of offering motions to dismiss both third-party complaints on the ground that the court lacked jurisdiction over her person.

This appeal is from the denial of those motions.

■ Appellant contends that her deposition taken November 23, 1968, cannot be considered by this court in passing on this case. The deposition was part of the record sent up to this court, but appellant points out that nowhere in the record does it show that the deposition was admitted into evidence at the hearing of the motion to dismiss. Appellant cites in support of this argument the cases of *Smith v. Continental Casualty Co.,* 102 Ga. App. 559, 560 (116 SE2d 888), and *Jackson v. U. S. Fidelity & Guaranty Co.,* 119 Ga. App. 111 (166 SE2d 426). These cases, both of which concern workmen's compensation, stand for the proposition that though a deposition is part of the file sent to a reviewing court, it cannot be considered by that court unless it was introduced into evidence at the hearing below.

Appellant's contention is not meritorious. The decisive factor here is the nature of the proceedings involved.

Appellant's motion is denominated a motion to dismiss. Yet, for purposes of this decision, it will be treated as a motion for summary judgment. The case of Samara v. United States, 129 F2d 594 (7, 8) holds that, when a motion to dismiss for lack of jurisdiction is supported by affidavits or other materials which set out matter outside the pleadings, such motion can be considered as a motion for summary judgment. While this holding is not binding on us, we consider the rule salutary and adopt it.

The appellant in this case has supported her motion to dismiss the third-party complaint for lack of jurisdiction with an affidavit which controverts allegations made in that complaint. In so doing, she has converted her motion into one for summary judgment.

As was mentioned above, the cases cited by appellant to support her contention were workmen's compensation cases. The case of *Hodges v. Fidelity & Casualty Co.*, 105 Ga. App. 273 (1) (124 SE2d 435) holds that any award returned by a director, deputy director or board, must be accompanied by a statement of the findings of fact from the evidence in the case. This holding necessarily implies that all awards must be supported by at least some evidence. Thus, in order for materials to be considered at a workmen's compensation hearing, they must be introduced into evidence.

The same is not true on a hearing of a motion for summary judgment. *Code Ann.* § 81A-156 (c) (Ga. L. 1967, pp. 226, 238) provides that a summary judgment shall be entered, if, ". . . the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." Nowhere in the statute is there any requirement that these items be introduced into evidence. In fact, it seems to us, that due to the harsh nature of the remedy involved, a trial judge should always search the entire record before granting a motion for summary judgment, and should not limit himself to the evidence introduced at the hearing.

The deposition here was on file with the court below, and transmitted to this court by the clerk. It is properly before us for consideration, and will be considered.

■ The next question presented for decision is whether or not valid service was effected on the third-party defendant according to the terms of *Code Ann.* § 68-801 (Ga. L. 1937, pp. 732, 733; 1964, p. 299; 1967, pp. 800, 801) which Code section is known as the Nonresident Motorist Act.

The appellant was served with a third-party complaint under the terms of this Act. She filed a motion to dismiss this third-party complaint alleging in a supporting affidavit that on March 1, 1968, the date of the accident in question, she was a resident of Chamblee, Georgia. The appellant urges that the court below should have found, as a matter of law, that on the date of the accident she was a resident of Georgia, and should, therefore, have granted her motion to dismiss the third-party complaint.

Both parties agree in their briefs that if the appellant was a resident of Georgia at the time of the accident, even though she was a nonresident at the time of the filing of the third-party complaint, that any service attempted to be made on her under the provisions of the Nonresident Motorist Act, cited above would be void. *Young v. Morrison*, 220 Ga. 127 (137 SE2d 456).

As was pointed out in the first division of this opinion, appellant's motion to dismiss will be treated as a motion for summary judgment. Under the provisions of *Code Ann.* § 81A-156 (c) (Ga. L. 1966, pp. 609, 660; 1967, pp. 226, 238) such motion should be granted only, ". . . if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

In our opinion, the case at bar was a proper one for the granting of such a motion, and its denial by the court below was error.

There was evidence in both the deposition of the appellant taken on November 23, 1968, and in affidavits, which showed that from 1965-1968, the appellant was a resident of this State while she taught school therein.

Appellee presented, in opposition to this, evidence tending to show that all during this time the appellant considered Ala-

bama as her home; that she frequently visited her parents there; that at the time of the accident she planned to return to Alabama at the end of the 1968 school year, and make that State her permanent home. In summary, all the evidence offered by the appellee in opposition to this motion, tends to establish that the appellant had a residence in the State of Alabama at the time of the accident in question, and that she regarded that State as her home.

If all of the appellee's evidence were true, it still would not present a genuine issue as to any *material* fact.

In *Davis v. Holt*, 105 Ga. App. 125 (123 SE2d 686), the Court of Appeals held that for the purposes of the Georgia Nonresident Motorist Act, a person could have more than one residence. It further held that if one of these residences was in Georgia, the defendant would not be subject to service under the Act above cited, even though it were also proved that he had an out-of-State residence as well. This court denied certiorari in that case, and we hold that the rule of law set out therein is both sound and applicable to this case.

In applying this rule, it is clear that the evidence of appellee which tended to establish a residence for the appellant in Alabama was irrelevant. After a careful search of the record, we can find no evidence controverting the evidence offered by the appellant tending to establish a residence for her in Georgia on the date of the accident.

We hold, therefore, that any service effected on appellant under the terms of the Nonresident Motorist Act was void. We further hold that the motion to dismiss the third-party complaint, which was served on the appellant pursuant to the provisions of that Act should have been granted.

■ The third issue in this case can be briefly stated. The appellant urges that *Code Ann.* § 24-113.1 (Ga. L. 1966, p. 343), popularly known as the "Long-Arm" Statute, does not apply to the facts in the present case.

We have held in an earlier division that the evidence in this case establishes, as a matter of law, that the appellant was a resident of Georgia at the time of the collision. The question to be decided is whether, in light of that determination, the appellant can be served under the "Long-Arm" Statute.

*Code Ann.* § 24-113.1 (Ga. L. 1966, p. 343) provides: "A court of this State may exercise personal jurisdiction over any nonresident . . . as to cause of action arising from any of the acts . . . enumerated in this section . . ." One of the acts so enumerated is, "(b) Commits a tortious act within this State. . ."

*Code Ann.* § 102-102 (1) (Ga. L. 1958, pp. 388, 389; 1967, pp. 579, 580) states the cardinal rule of statutory construction: "The ordinary signification shall be applied to all words. . ."

We have held that the appellant was a resident of Georgia at the time the cause of action arose. The ordinary signification of the term "nonresident" would seem to be mutually exclusive with the ordinary signification of the word "resident." The statute in question clearly does not apply. It was, therefore, error to deny the appellant's motion to dismiss the third-party complaint.

The above rulings render the remaining enumerations of error irrelevant.

*Judgment reversed. All the Justices concur.*