27268.   FROST v. GASAWAY et al.

UNDERCOFLER, Justice. This appeal is from the following judgment of the trial court: "The within and foregoing case coming on regularly and to be heard on plaintiff's motion for summary judgment and it being agreed by counsel for all parties that the court consider the defenses of defendants Daniel F. Gasaway and Administrator

of Veterans Affairs of failure to state a claim and res judicata, and the parties having stipulated certain evidence concerning these defenses, after hearing argument of counsel, the stipulation of the parties and evidence, it is hereby considered ordered and adjudged as follows: 1. The first and third defenses of defendants Gasaway and Administrator of Veterans Affairs are hereby sustained . . ." *Held:*

The trial court's judgment showed that he considered "the stipulation of the parties and the evidence." Therefore the motion to dismiss for failure to state a claim was converted into a motion for summary judgment. *Code Ann.* § 81A-112 (b) (Ga. L. 1966, pp. 609, 622; 1967, pp. 226, 231). The record does not contain the stipulation of the parties or the evidence. This court is unable to review the ruling on the motion for summary judgment since we do not have before us the facts which were considered by the trial court. *Smith v. Smith,* 223 Ga. 795 (2) (158 SE2d 679); *Herring v. Herring,* 228 Ga. 492 (186 SE2d 538).

In a supplemental brief filed in this court the appellant contends that he requested the trial court clerk to forward to this court all of the record and the depositons of the witnesses. Attached to his brief is a copy of a letter from the trial court clerk seeking direction on whether certain "sealed" depositions should be forwarded to this court. A copy of a letter from the trial court judge to the clerk states that counsel for the appellant "made a statement of fact to the court and counsel for each of the other parties made brief statements and all agreed that there was no dispute between them concerning the facts and the court based its decision upon the agreed statement of facts presented by counsel. I, therefore, respectfully request that the depositions not be made a part of the record as they were not considered by the court when it made its decisions."

*Judgment affirmed. All the Justices concur. Hawes, J., concurs specially.*

ARGUED JUNE 12, 1972—DECIDED JUNE 28, 1972—
REHEARING DENIED JULY 27, 1972.

*Spivey & Carlton, Milton A. Carlton, Charles B. Merrill, Jr.*, for appellant.

*John A. Darsey, Erwin, Epting, Gibson & Chilivis, Nickolas P. Chilivis, H. W. Davis, Davis & Davidson, Heyman & Sizemore, W. Dan Greer, Richardson, Chenggis & Constantinides, Platon P. Constantinides*, for appellees.

HAWES, Justice, concurring specially. I concur in the judgment of affirmance in this case solely because, as noted in the majority opinion, the record as transmitted to this court is insufficient to enable us to determine whether the judgment of the trial court is correct or not. However, the record does reveal from the pleadings that Mrs. Frost held a deed to secure debt executed by a remote grantor of the defendants. That deed which was executed in October of 1958 was duly and properly recorded in the office of the Clerk of the Superior Court of Jackson County. In February of 1964, a cancellation of that deed was entered on the face of the record, Thereafter, in July of 1964, the maker of the deed to secure debt executed a warranty deed to a Mrs. Wilson who, in September of 1967, conveyed the property by warranty deed to the defendant Gasaway. On the same date, Gasaway transferred the property to the Veterans Administration as security for a loan. The record shows that after the cancellation of the original security deed to Mrs. Frost was entered on the record, the debtor continued to pay annual instalments of interest due on the deed up until his death, and even after he had conveyed the property to Mrs. Wilson. It seems to be beyond dispute that the cancellation on the record of the security deed to Mrs. Frost was a fraudulent cancellation. It does not appear that the clerk of the superior court is able to throw any light on the matter respecting by what authority the recordation of the deed was canceled.

These circumstances point up what I deem to be a hiatus

in the law. As most practicing attorneys are aware, it is the custom of the clerks of the superior courts of this State to enter cancellation of deeds to secure debt on the record merely upon the most informal sort of evidence furnished to them showing satisfaction of the indebtedness. It is frequently the practice, as most certainly must have been done in this case to enter such cancellations upon the presentation of a mere letter or memorandum apparently signed by the holder of such instrument and without requiring that the instrument itself be delivered up to the clerk before cancellation of the same on the record. To be sure, I am aware that this is not a universal practice. Some clerks of court require that entry of the satisfaction on the deed be made with the same formality with which the deed itself was executed; that is, with the attestations of two witnesses, one of whom must be a notary. However, even that would not seem to satisfy the requirement which is implicit in *Code* § 67-1301 that upon the payment of the indebtedness secured by an absolute deed the grantor therein shall have the right to have the property *reconveyed* to him. A reconveyance can only be accomplished by the execution and delivery of a deed, and the mere entry on the deed to secure debt of a notation that the indebtedness has been fully paid and satisfied would seem to fall far short of accomplishing a reconveyance.

At any rate, it seems to me that this is a matter which addresses itself to the attention of the legislature. There is no requirement in the law binding the clerk of the various superior courts not to cancel deeds to secure debts on their records in the absence of evidence submitted to them executed with such formality as reasonably to assure against forgeries the possibility that a transaction, or series of transactions, like those appearing in this case could occur again ought to be foreclosed at the first opportunity by appropriate legislation.

ON MOTION FOR REHEARING.

Counsel for appellant insists that this court should decide the substantive issues in this case. See in this connection

*Murray v. Johnson*, 222 Ga. 788 (152 SE2d 739). However, it is impossible for this court to declare that the trial judge committed error when he considered a stipulation of the parties and evidence and the stipulation and evidence have not been preserved or reconstructed as provided by law so as to be available for review by this court.

Nor do we think the trial judge is required to consider depositions on file (*Code Ann.* § 81A-156 (c); Ga. L. 1966, pp. 609, 660; 1967, pp. 226, 238) when the parties "stipulated certain evidence" and "all agreed that there was no dispute between them concerning the facts and the court based its decision upon the agreed statement of facts presented."

*Rehearing denied.*