48496. MADSEN v. MEMORIAL SALES OF GEORGIA, INC.

EBERHARDT, Presiding Judge. Appellant instituted garnishment proceedings based upon a $6,110 judgment previously obtained against Nord C. Madsen. Summons of garnishment was served upon Memorial Sales of Georgia, Inc. and others, to which Memorial Sales, prior to any judgment being rendered against it, filed a motion alleging that "Garnishment was served October 20, 1972, and contact made with plaintiff's attorney regarding same. It was determined that Garnishee held the sum of $472.52 belonging to defendant, Nord C. Madsen. Said sum of $472.52 was delivered to plaintiff's attorney with the understanding that garnishment would be dismissed. Since we have given an accord and satisfaction, Garnishee prays that this matter be dismissed and that attorneys' fees of $250.00 be assessed against plaintiff in this case."

Appellant filed a response acknowledging receipt of the $472.52

but denying that the sum was paid or accepted in satisfaction of the garnishee's liability or that any accord and satisfaction was given or accepted. The court entered the following order: "The above style motion to dismiss having come on regularly to be heard counsel for both parties being present and presenting arguments, no other evidence being presented, the court finds that plaintiff's counsel accepted a check from garnishee, said check being held and retained and being an accord and satisfaction, the court therefore dismisses the affidavit and bond for garnishment as to Memorial Sales of Georgia, Inc." *Held:*

Appellant contends that since no evidence, as opposed to pleadings and argument of counsel, was introduced at the hearing as to the circumstances under which the check was tendered and accepted, there could be no basis for the judgment. We must agree, since a judgment on the pleadings was certainly not in order, and without an evidentiary basis, from oral testimony or otherwise, neither the trial court nor this court is enabled to determine whether an accord and satisfaction resulted under rulings made in cases such as *American Oil Co. v. Studstill*, 230 Ga. 305 (196 SE2d 847). Accordingly the judgment must be reversed.

*Judgment reversed. Pannell and Stolz, JJ., concur.*

ARGUED SEPTEMBER 5, 1973 — DECIDED SEPTEMBER 12, 1973.

*Daniel C. B. Levy,* for appellant.

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, Arthur Jay Schwartz,* for appellee.