49224. JACKSON v. COUCH FUNERAL HOME, INC.

WEBB, Judge.

In this appeal from the granting of a motion for summary judgment filed by one of the defendants, plaintiff-appellant has filed an objection to the record pursuant to Rule 11, this court, complaining that the lower court and the clerk of that court excluded two depositions from the appeal record on the grounds that they were not unsealed and introduced in evidence at the hearing on the motion. By supplemental record the clerk of the lower court has transmitted the depositions referred to, and it appears that they were filed with the clerk well prior to the hearing. However, plaintiff enumerates as error, inter alia, the failure of the trial court to consider these depositions in making its ruling, and defendant-appellee admits in its brief that various depositions remained sealed at the hearing.

Since this court is not empowered to rule upon matters not ruled upon below, thus eliminating from consideration here the depositions and possible other materials not considered below, and since the party opposing the motion for summary judgment is to be given the benefit of all reasonable doubts in determining whether a genuine issue of material fact exists (*Burnette Ford, Inc. v. Hayes,* 227 Ga. 551 (181 SE2d 866); *Capital Auto Co. v. General Motors Acceptance Corp.,* 119 Ga. App. 186 (166 SE2d 584)), it is our view that the judgment must be reversed and the case remanded for the trial court to enter a new order after taking into consideration "the pleadings, depositions, answers to interrogatories, and

admissions on file, together with the affidavits, if any ... ." CPA § 56 (c) (Code Ann. § 81A-156 (c)). "Nowhere in the statute [CPA § 56] is there any requirement that these items be introduced into evidence. In fact, it seems to us, that due to the harsh nature of the remedy involved, a trial judge should always *search the entire record* before granting a motion for summary judgment, and should not limit himself to the evidence introduced at the hearing." *Thompson v. Abbot,* 226 Ga. 353, 355 (174 SE2d 904) (Emphasis supplied.)

"The parties need not formally offer their outside matter as evidence or have it marked as an exhibit at the hearing on the motion. Given this process, the court is obliged to take account of the entire setting of the case on a Rule 56 motion. In addition to the pleadings, it will consider *all papers of record,* as well as any material prepared for the motion that meets the standard prescribed in Rule 56 (e). The court must consider the material submitted by both of the parties, of course." 10 Wright & Miller, Federal Practice and Procedure: Civil § 2721, p. 476. (Emphasis supplied.) Insofar as *Herring v. Pepsi Cola Bottling Co.,* 113 Ga. App. 680, 682 (1) (149 SE2d 370) may conflict with *Thompson,* supra, it cannot be followed.

While defendant contends that portions of the depositions were effectively presented to the court by way of counsel's brief and argument, this method is ineffective to provide the court with a proper basis for determining the existence or nonexistence of factual issues. Cf. *Madsen v. Memorial Sales of Ga., Inc.,* 129 Ga. App. 619 ( 201 SE2d 158). Compare *Frost v. Gasaway,* 229 Ga. 354, 358 (190 SE2d 902). And while defendant contends that portions of the papers of record which were not considered do not comply with the rules of evidence, we cannot determine such questions in the first instance. This court does not have original jurisdiction to determine motions for summary judgment, and the case must be remanded to the trial court for proper consideration and disposition under CPA § 56.

*Judgment reversed and remanded. Deen and Stolz, JJ., concur.*

ARGUED APRIL 3, 1974 — DECIDED APRIL 9, 1974 —
REHEARING DENIED APRIL 30, 1974 —

*Cory, DelBello & Dowling, Robert A. DelBello,* for appellant.
*Wm. Lewis Spearman,* for appellees.