## 52558. BROWN v. ROOKS.

MARSHALL, Judge.

Appellant appeals from the summary judgment entered against him on the ground that the trial court erred in failing to consider his affidavit opposing the motion for summary judgment. *Held:*

1. Appellee has moved for damages under Code § 6-1801 contending that the appeal was taken for purposes of delay only. The issue presented by this appeal is whether appellant's affidavit should or should not have been considered by the trial judge, and not whether the appellant's defense is meritorious. Code § 6-1801 applies only when the issue *appealed* is obviously without merit; not when the issue *tried* in the court below is non-meritorious. Because the question presented in the appeal is arguable, the damages under Code § 6-1801 are not available.

2. The lower court in rendering its judgment specifically refused to consider appellant's affidavit in opposition to appellee's motion for summary judgment on the ground that it was not timely filed. Local Rule 20 of Fulton Superior Court provides: "Upon all Motions . . . involving questions of fact, the evidence shall be presented by Affidavit or Deposition, unless otherwise directed by the Court at least *3 days in advance of the hearing; . . .*" The appellant filed his affidavit one day before the hearing.

The trial court incorrectly read this local rule. The rule merely sets forth the form of the evidence presented upon motions involving questions of fact. If a form of evidence other than affidavits and depositions is to be presented at the hearing, the trial court must authorize same at least three days before the hearing. If the local rule is read so as to place a time limit on the presentation of affidavits, as read by the trial court, the appellant's affidavit had to be filed three days in advance of the hearing. Such an interpretation would present a conflict

between Local Rule 20 and CPA § 6 (d) (Ga. L. 1966, pp. 609, 617; 1967, pp. 226, 229, 230; Code Ann. § 81A-106 (d)), which requires service of opposing affidavits only one day in advance of the hearing. See CPA § 5 (d) (Ga. L. 1966, pp. 609, 615; 1967, pp. 226, 229; Code Ann. § 81A-105 (d)). It is presumed that the General Assembly, when it enacted the Civil Practice Act, knew of the existing conditions of the law, and the CPA should ". . . therefore. . . be construed in connection and in harmony with the existing law. . ." *Poteat v. Butler,* 231 Ga. 187 (1) (200 SE2d 741). Under our construction the rules are harmonious.

It was not necessary, as appellee contends, for the appellant to take exception to the ruling of the trial court in order to raise this error on appeal. Exceptions pendente lite have been abolished. Ga. L. 1965, pp. 18, 20 (Code Ann. § 6-801).

In considering a motion for summary judgment, the trial judge must consider all papers of record properly before it. *Jackson v. Couch Funeral Home,* 131 Ga. App. 695 (206 SE2d 718). Appellant's affidavit, having been timely filed under the CPA, should have been considered. We reverse the grant of appellee's motion for summary judgment and remand for the trial judge to enter a new judgment based on consideration of appellant's affidavit.

*Judgment reversed and remanded with direction. McMurray and Smith, JJ., concur.*

Argued September 7, 1976 — Decided October 4, 1976.

*Durham Schane, McDonald & Dupree, Barry Staples,* for appellant.

*Bivens & Richardson, Bruce Richardson,* for appellee.