55748. REALTY CONTRACTORS, INC. v. CITIZENS & SOUTHERN NATIONAL BANK.
55749. EPSTEIN v. CITIZENS & SOUTHERN NATIONAL BANK.

DEEN, Presiding Judge.

Realty Contractors, Inc. and Burton J. Epstein appeal from the grant of appellee's motion for summary judgment complaining that the trial court failed to consider the entire record in granting appellee's motion.

After ruling on the motion, the court admitted: "I have, except for the depositions that were opened that were not cited by counsel, not brought to the court's attention, the court frankly has not read those. He has passed on without reading them. It is noted nothing was said about Fannin's or Baer's deposition that was relevant, and the court would rule you waived anything in those depositions that might have been relevant."

"Since this court is not empowered to rule upon matters not ruled upon below, thus eliminating from consideration here the depositions. . . not considered

below, and since the party opposing the motion for summary judgment is to be given the benefit of all reasonable doubts in determining whether a genuine issue of material fact exists (*Burnette Ford, Inc. v. Hayes,* 227 Ga. 551 (181 SE2d 866); *Capital Auto. Co. v. General Motors Acceptance Corp.,* 119 Ga. App. 186 (166 SE2d 584)), it is our view that the judgment must be reversed and the case remanded for the trial court to enter a new order after taking into consideration 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any . . .' CPA § 56 (c) (Code Ann. § 81A-156 (c)). 'Nowhere in the statute [CPA § 56] is there any requirement that these items be introduced into evidence. In fact, it seems to us, that due to the harsh nature of the remedy involved, a trial judge should always *search the entire record* before granting a motion for summary judgment, and should not limit himself to the evidence introduced at the hearing.' *Thompson v. Abbot,* 226 Ga. 353, 355 (174 SE2d 904). (Emphasis supplied.)" *Jackson v. Couch Funeral Home, Inc.,* 131 Ga. App. 695 (206 SE2d 718) (1974).

Further, " '[t]he parties need not formally offer their outside matter as evidence or have it marked as an exhibit at the hearing on the motion. Given this process, the court is obliged to take account of the entire setting of the case on a Rule 56 motion. In addition to the pleadings, it will consider *all papers of record,* as well as any material prepared for the motion that meets the standard prescribed in Rule 56 (e). The court must consider the material submitted by both of the parties, of course.' 10 Wright & Miller, Federal Practice and Procedure: Civil § 2721, p. 476. (Emphasis supplied.)" *Jackson v. Couch Funeral Home, Inc.,* supra, p. 696.

Accordingly, this judgment must be reversed and remanded.

*Judgment reversed and remanded. Smith, J., concurs. Banke, J., concurs specially.*

ARGUED APRIL 4, 1978 — DECIDED MAY 3, 1978 — REHEARING DENIED MAY 22, 1978.

*Macey & Zusmann, Thomas R. Todd, Jr., Steven Schaikewitz,* for appellants.

*Alston, Miller & Gaines, Jack H. Senterfitt,* for appellee.

Banke, Judge, concurring specially.

1. I am compelled to concur in these cases because of the Supreme Court's ruling in *Thompson v. Abbott,* 226 Ga. 353 (1) (174 SE2d 904) (1970). It is interesting to note that *Thompson* mentioned two remote workmen's compensation cases from this court but did not mention *Herring v. Pepsi Cola Bottling Co.,* 113 Ga. App. 680 (1) (149 SE2d 370) (1966), which specifically held that only those depositions introduced into evidence would be considered at a summary judgment hearing. While *Herring* has not been overruled, it cannot be followed because of *Thompson.*

It places a tremendous and somewhat undue responsibility on an already busy trial judge to require him to read fully all pleadings, depositions, answers to interrogatories, admissions and affidavits on file in order to glean therefrom sufficient information on which to base his ruling — just because these documents are on file. In fact, *Thompson* seems to require the trial judge to perform duties normally required of counsel, i.e. ". . . a trial judge should always search the entire record. . ." *Thompson v. Abbott,* supra, p. 355.

In my opinion, it should be incumbent upon counsel to search the entire record and tender into evidence those documents they are relying on to support their positions, pointing out specifically the portion of the document believed relevant. Counsel should also have the opportunity to object to those portions of the documents they feel are inadmissible rather than having to rely on the expertise of the trial judge to separate the chaff from the wheat.

2. Summary judgment is a much maligned and much used process. More than half of all civil cases filed in this court are appeals from summary judgments.

Requiring the tendering of documents, or parts thereof, along with providing an opportunity to make appropriate objections would, in my judgment, be helpful

to counsel for both sides as well as to the trial judge. Preparation of the appeal would be simplified, and since the enumeration of error should point specifically to that portion of the record wherein error is alleged, review of such appeals would also be greatly facilitated. The appellant would know exactly which documents had been considered by the trial judge, and only those documents would need be transmitted to the appellate courts, thereby decreasing costs to the litigants and reducing need for storage space in the appellate courts.

3. Adoption of this practice would not require legislation as CPA § 56 (c) (Code Ann. § 81A-156 (c)) may be construed to mean that only those documents on file on the day of hearing may be introduced into evidence. Summary judgment is considered a very harsh remedy, yet this is the only adversary proceeding in Georgia jurisprudence that does not presently require that the evidence relied on be introduced by, at least, the moving party. I cannot agree that this is just or proper.

I am authorized to state that Presiding Judge Deen and Judge Smith join in this special concurrence.