## 56996. WALKER v. GENERAL MOTORS CORPORATION.

BANKE, Judge.

The appellant, James A. Walker, appeals the trial judge's grant of summary judgment to the appellee, General Motors Corporation.

The appellant contends the trial judge committed reversible error in granting the appellee's motion for summary judgment without reviewing his deposition which was on file and which he had referred to in his brief in opposition to the motion.

The trial judge stated in his order that he was granting appellee's motion "after . . . a review of the record." However, the fact that he did not consider the appellant's deposition is conclusively established by the subsequent order of another judge (acting in the absence of the trial judge) stating that the appellant's deposition had been filed more than 24 hours prior to the hearing on the motion and directing that it be opened and included in the record on appeal. *Held:*

*Jackson v. Couch Funeral Home, Inc.,* 131 Ga. App.

695 (206 SE2d 718) (1974), another case in which timely-filed, but not considered, depositions were added by supplemental record to the record on appeal, is controlling authority in this case. We ruled there that:

"Since this court is not empowered to rule upon matters not ruled upon below, thus eliminating from consideration here the depositions and possible other materials not considered below, and since the party opposing the motion for summary judgment is to be given the benefit of all reasonable doubts in determining whether a genuine issue of material fact exists (*Burnette Ford, Inc. v. Hayes,* 227 Ga. 551 (181 SE2d 866); *Capital Auto Co. v. General Motors Acceptance Corp.,* 119 Ga. App. 186 (166 SE2d 584)), it is our view that the judgment must be reversed and the case remanded for the trial court to enter a new order after taking into consideration 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any . . .' CPA § 56 (c) (Code Ann. § 81A-156 (c)). 'Nowhere in the statute [CPA § 56] is there any requirement that these items be introduced into evidence. In fact, it seems to us, that due to the harsh nature of the remedy involved, a trial judge should always *search the entire record* before granting a motion for summary judgment, and should not limit himself to the evidence introduced at the hearing.' *Thompson v. Abbott,* 226 Ga. 353, 355 (174 SE2d 904) (Emphasis supplied.)" *Jackson v. Couch Funeral Home, Inc.,* supra, pp. 695-696. See also *Realty Contractors, Inc. v. C. & S. Nat. Bank,* 146 Ga. App. 69 (245 SE2d 342) (1978).

The record in this case supports the appellant's contention that this particular deposition was called to the judge's attention by references to it in his brief opposing appellee's summary judgment motion. Accordingly, the reservations to the rule of *Thompson v. Abbott,* 226 Ga. 353 (1) (174 SE2d 904) (1970) expressed in my special concurrence to *Realty Contractors, Inc. v. C. & S. Nat. Bank,* supra, are not fully applicable to this case.

*Judgment reversed and remanded. Webb, P. J., and Underwood, J., concur.*

ARGUED JANUARY 3, 1979 — DECIDED MARCH 16, 1979 —

REHEARING DENIED MARCH 30, 1979 — 

*Novy & Rumsey, Eugene Novy, Penelope Rumsey,* for appellant.

*King & Spalding, Charles M. Shaffer, Jr., H. Lamar Mixson,* for appellee.