### 57819. CORBIN v. PILGRIM REALTY COMPANY.

SHULMAN, Judge.

Plaintiff-tenant filed suit against Pilgrim Realty Company (d/b/a Pilgrim Self-Service Storage)-landlord for damages arising from the theft of her property from a storage stall she had rented from the defendant. Plaintiff alleged that the defendant's wilful and wanton failure to repair or replace the outside hinges, on its stall doors facilitated the theft of her property. Because the defendant's conduct was wilful and wanton, plaintiff argued, the provisions of the parties' rental agreement, exculpating defendant from liability for acts of ordinary negligence were not applicable.

The court granted defendant's motion for summary judgment, apparently on the grounds that plaintiff failed to present any genuine issue of material fact in regard to the wilfulness or wantonness of defendant's conduct. For the reasons set forth in Division 2, we reverse.

1. Appellant submits that the court erred in admitting defendant's affidavits which contained information that appellee, in its answers to plaintiff's interrogatories, had refused to supply plaintiff. Appellant contends that defendant's failure to respond should preclude it from using such information in defending its case. We disagree.

Since plaintiff failed to move the court below for an order compelling discovery, pursuant to Code Ann. § 81A-137 (a), the court did not err in refusing to impose sanctions upon the defendant for its failure to properly respond to certain of plaintiff's interrogatories. *Savannah Surety Assoc. v. Master,* 240 Ga. 438, 440 (241 SE2d 192); *Bratten Apparel v. Lyons Textile Mill,* 129 Ga. App. 384 (199 SE2d 632). See also Code Ann. § 81A-133 (a).

"The remedy available to a party whose discovery efforts are frustrated by his opponent's refusal to submit to discovery is contained in the two-step procedure of Code Ann. § 81A-137. First, a motion for order compelling discovery must be made, heard and granted. The obstinate party is then afforded another opportunity to provide discovery. If he fails to do so, the second step is for the court to enter such order as is just, including the

imposition of one or more of the sanctions set forth in Code Ann. § 81A-137(b)(2)." *Savannah Surety Assoc.,* supra, p. 440.

As "[t]he issuance of an order compelling answer is a prerequisite to the use of sanctions," the court's consideration of the affidavits was not erroneous for the reason assigned. Id., p. 440.

2. Appellant enumerates as error the court's failure to consider plaintiff's deposition which remained unsealed at the time of the court's grant of defendant's motion for summary judgment. As we are compelled to agree with appellant's contentions of error, we accordingly reverse the judgment of the court below.

" 'Since this court is not empowered to rule upon matters not ruled upon below, thus eliminating from consideration here the depositions . . . and since the party opposing the motion for summary judgment is to be given the benefit of all reasonable doubts in determining whether a genuine issue of material fact exists [cits.], it is our view that the judgment must be reversed and the case remanded for the trial court to enter a new order after taking into consideration "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any . . ." CPA § 56 (c) (Code Ann. § 81A-156 (c)).' " *Realty Contractors, Inc. v. C. & S. Nat. Bank,* 146 Ga. App. 69 (245 SE2d 342).

Contrary to appellee's contention, the fact that portions of the deposition were effectively presented to the court by way of counsel's brief and argument does not require a different result. "[T]his method is ineffective to provide the court with a proper basis for determining the existence or nonexistence of factual issues." *Jackson v. Couch Funeral Home,* 131 Ga. App. 695, 696 (206 SE2d 718).

*Judgment reversed and the case remanded with direction that the trial court rule in a manner not inconsistent with this opinion. Deen, C. J., and Carley, J., concur.*

ARGUED MAY 7, 1979 — DECIDED SEPTEMBER 4, 1979.

*Jane P. Autrey,* for appellant.
*Truly Feinstein, Dow N. Kirkpatrick, II,* for appellee.