### 35008. GENERAL MOTORS CORPORATION v. WALKER.

NICHOLS, Chief Justice.

Certiorari was granted to review the decision of the Court of Appeals in *Walker v. General Motors Corp.,* 149 Ga. App. 524 (254 SE2d 871) (1979).

In *Thompson v. Abbott,* 226 Ga. 353 (1) (174 SE2d 904) (1970), this court construed Code Ann. § 81A-156 (c) to mean that a deposition only must be "on file" (that it need not have been introduced in evidence) to be considered by the trial and appellate courts in passing upon a motion for summary judgment. The statement in that case that "a trial judge should always search the entire record before granting a motion for summary judgment. . ." (226 Ga. at 355) was not necessary to the decision and is mere obiter. In *Frost v. Gasaway,* 229 Ga. 354, 358 (190 SE2d 902) (1972), this court *held* that the trial court need not consider sealed depositions on file in

the case when the parties stipulate the facts upon which the trial court based its decision.

In *Jackson v. Couch Funeral Home, Inc.,* 131 Ga. App. 695 (206 SE2d 718) (1974), the trial court did not recite in its order what it considered in passing upon the motion for summary judgment, and the case file in the trial court included two sealed depositions. Citing the obiter from *Thompson v. Abbott,* supra, the Court of Appeals reversed and remanded the case to the trial court, holding that presenting the relevant portions of the depositions to the trial court by way of a brief "is ineffective to provide the court with a proper basis for determining the existence or nonexistence of factual issues." 131 Ga. App. at 696.

In *Vaughn & Co. v. Saul,* 143 Ga. App. 74, 80 (5) (237 SE2d 622) (1977), error was enumerated upon the failure of the trial court to open and read the originals of certain depositions before ruling upon the motion for summary judgment. The order denying the motion provided in part that the trial court "has considered. . . the depositions." The Court of Appeals held that where the trial court recites in its order that it has considered the depositions, the Court of Appeals "will not say that he did not do so." 143 Ga. App. at 82.

In *Realty Contractors, Inc. v. C. & S. Nat. Bank,* 146 Ga. App. 69 (245 SE2d 342) (1978), the trial court conceded on the transcript that he had not read certain depositions that had been opened but not cited or brought to the court's attention by counsel. The Court of Appeals reversed and remanded, citing the obiter from *Thompson v. Abbott,* supra, to the effect that the trial court always should search the entire record before granting a motion for summary judgment. Judge Banke concurred specially, stating that he must do so because of this court's "ruling" in *Thompson v. Abbott,* supra, which he criticized upon the ground that it should be incumbent upon counsel, rather than the trial court, to search the entire record and to point out to the trial court those portions of documents they contend are relevant.

In the present case, the trial court granted the motion for summary judgment without opening a sealed envelope containing the original of a deposition. The order

nonetheless recites that the motion was being granted "after . . . a review of the record." The Court of Appeals reversed and remanded in reliance upon the obiter from *Thompson v. Abbott,* supra, and the holdings in *Jackson v. Couch Funeral Home, Inc.,* supra, and *Realty Contractors, Inc. v. C. & S. Nat. Bank,* supra. The case of *Vaughn & Co., v. Saul,* supra, was not mentioned, much less distinguished. This court granted certiorari.

The following principles will be applied, and anything to the contrary is disapproved and will not be followed: A deposition need not be introduced in evidence in order to be considered in ruling upon a motion for summary judgment because the Civil Practice Act only requires that it be "on file." Code Ann. § 81A-156 (c); *Thompson v. Abbott,* supra. If a trial court indicates in his order granting a motion for summary judgment that the motion is being granted after a review of the record, this court will not hold that he failed to review the relevant portions of a deposition simply because the original of the deposition on file in the case remained sealed and was not opened until after the order granting the motion was entered.

*Judgment reversed. All the Justices concur.*

ARGUED JULY 9, 1979 — DECIDED SEPTEMBER 10, 1979.

*King & Spalding, Charles M. Shaffer, Jr., R. Marcus Lodge,* for appellant.

*Novy & Rumsey, Eugene Novy, Penelope W. Rumsey,* for appellee.