247 Ga. 730 (1981)
279 S.E.2d 442
MILLER GRADING CONTRACTORS, INC.
v.
GEORGIA FEDERAL SAVINGS & LOAN ASSOCIATION.
37267.
Supreme Court of Georgia.
Decided June 23, 1981.
*735 J. Douglas Sexton, Fred A. Bishop, for appellant.
Mitchell, Clarke, Pate, Anderson & Wimberly, John T. Brumby, for appellee.
SMITH, Justice.
Appellant Miller Grading brought an action seeking to set aside a foreclosure sale. The trial court granted summary judgment in favor of appellee. We affirm.
1. The foreclosure sale in this case was conducted pursuant to a power of sale contained in a security deed held by appellee. Appellee, the highest bidder at the sale, bought the property for $75,000.00, a price which appellant contends is grossly inadequate.
"Inadequacy of price paid upon the sale of property under power will not of itself and standing alone be sufficient reason for setting aside the sale. It is only when the price realized is grossly inadequate and the sale is accompanied by either fraud, mistake, misapprehension, surprise or other circumstances which might authorize a finding that such circumstances contributed to bringing about the inadequacy of price that such a sale may be set aside by a court of equity. [Cits.]" Giordano v. Stubbs, 228 Ga. 75, 79 (184 SE2d 165) (1971).
Appellant argues that "other circumstances" are indeed present in this case. He cites the following: 1) the sale was conducted on January 1, 1980, a legal holiday; 2) the sale was conducted with an outstanding lis pendens on the property; 3) appellee knew or should have known of substantial tenant improvements on the property and yet failed to notify the tenant of the sale; 4) appellee failed to avail itself of "alternative remedies" in the security deed; and 5) the property was both sold and purchased by the same party. We hold that the above "circumstances" do not raise a genuine issue of material fact with respect to the fairness of the foreclosure sale. See Code Ann. § 37-607.
a) We cannot agree with appellant that the power of sale was not fairly exercised merely because the foreclosure sale took place on January 1, 1980, a legal holiday. Code Ann. § 37-607 provides that "[i]n the absence of stipulations to the contrary in the instrument, the time, place, and manner of sale shall be that pointed out for public sales." The time for such a sale is "the first Tuesday of each month ..." Code Ann. § 39-1201. The first Tuesday of January, 1980 fell on *731 January 1.
"If the exercise of the power of sale on ... a legal holiday... be void, it is so because of some statute. We know of none that is applicable." Biggers v. Hall, 186 Ga. 886, 887 (199 SE 208) (1938). "A sale of property in this State under the power of sale contained in a deed to secure debt is not void because the sale is had on a legal holiday. [Cit.]" Dumas v. Burleigh, 209 Ga. 241, 243 (71 SE2d 545) (1952).
b) Appellant's contention that the lis pendens "constituted a threat and menace to the title of any potential purchaser" and thereby had a chilling effect on the bidding of the property is without merit. The lis pendens notice, filed several years after the filing of the security deed, states that "[t]he above-styled divorce case was instituted this 14 day of July, 1978 ..." Such a lis pendens did not "chill the bidding" within the meaning of Plainville Brick Co. v. Williams, 170 Ga. 75 (152 SE 85) (1930). "[N]o litigation was pending against [appellee] challenging its right to foreclosure under the [security] deed, and the validity of the deed itself ha[s] not been challenged." Forester v. Young, 232 Ga. 365, 371 (207 SE2d 9) (1974). To adopt the position advanced by appellant would require this court to hold that a power of sale cannot be executed whenever a lis pendens is on file. We decline to do so.
c) Appellant asserts the power of sale was unfairly exercised because appellee knew that substantial tenant improvements had been made on the property and yet failed to specifically notify the tenant of the foreclosure sale. However, even assuming appellee had actual knowledge of the tenancy and tenant improvements, appellee was under no duty to provide actual notice to the tenant. "`In the absence of a specific provision to that effect, the holder of a mortgage or trust deed with power of sale, is not required to give notice of the exercise of the power to a subsequent purchaser or incumbrancer; and the validity of the sale is not affected by the fact that such notice is not given ...' Scott v. Paisley, 271 U. S. 632, 635 (46 SC 591, 70 LE 1123)." Giordano v. Stubbs, supra at 78; Kennedy v. Gwinnett Commercial Bank, 155 Ga. App. 327, 332 (270 SE2d 867) (1980). Appellant does not contend that appellee has failed to advertise the sale in accordance with the provisions of the security deed or Code Ann. § 67-1506. Thus, no issue of fact remains as to the sufficiency of notice.
d) Appellant also contends that the power of sale was improperly exercised because "Appellee should have availed itself of the alternative remedy to foreclosure, by insisting that Appellant's tenant make all rent payments directly to it." We reject this argument. The security deed provides: "When and if the Association, *732 because of any default or breach of covenant, shall have declared the unpaid balance of the indebtedness secured hereby, with all arrearages of interest thereon due, pursuant to the conditions of this indenture or of the note to secure the payment of which it is executed, the Association, its assigns, attorneys, agents or representatives thereunto duly authorized shall have the right to and may enter upon said premises and collect the rents, revenues and profits thereof, and may sell and dispose of the said property ..." Although "[p]owers of sale in deeds to secure debt... must be strictly construed" ( Verner v. McLarty, 213 Ga. 472, 477 (99 SE2d 890) (1957); Code Ann. § 37-607), the security deed in the instant case cannot reasonably be construed as containing the restriction suggested by appellant.
e) There is no merit to appellant's argument that an unfair exercise of the power of sale is evidenced by the fact that appellee bid on the property. "It is well settled that a mortgagee may purchase the mortgaged property at a sale by him under a power of sale in the mortgage, if by the terms of the mortgage he is expressly authorized to do so." Mutual Loan &c. Banking Co. v. Haas, 100 Ga. 111, 116 (27 SE 980) (1897); Kennedy v. Gwinnett Commercial Bank, supra. The security deed expressly provides that "[t]he Association, its agents, representatives, successors or assigns may bid and purchase at any such sale ..."
2. The contentions addressed in Division 1 of this opinion relate to whether the power of sale was fairly exercised. By way of amendment to the original complaint, appellant has also alleged that, by "acts and conduct, defendant has waived its right to accelerate any balance due under [the] security deed based upon delinquent payments or arrearages" and that, "because of the aforesaid modification and waiver, defendant was without authority or right to accelerate plaintiff's indebtedness and initiate the foreclosure proceedings ..." We cannot agree.
The following facts are uncontroverted: Appellant defaulted on three previous occasions, September, 1976, August, 1978, and October, 1978. Each time, appellee permitted appellant to reinstate the deed to secure debt by paying all monthly payments then due plus the expenses appellee had incurred in connection with the foreclosure proceedings. On November 9, 1978, C. W. Miller, the president of Miller Grading executed the following acknowledgment: "I/We acknowledge the mortgage on this property has been accelerated and reinstatement is being granted with the understanding that payments are due on the 25th of each month and will be paid in accordance with the loan documents. If the mortgage becomes in default in the future, we are aware that acceleration will again be invoked and reinstatement not permitted." From November *733 9, 1978 through July, 1979, appellant adhered to the terms of the note and acknowledgment. In August, 1979, however, appellant again defaulted on the loan.
On October 9, 1979, appellee sent appellant a letter stating that it had until November 8, 1979, to cure the default, and that, otherwise, the property would be advertised for foreclosure sale. C. W. Miller states in his deposition that he never received the letter because he was working at another address. Appellant did not make any additional payments, nor did it contact appellee prior to the foreclosure. Mr. Miller admits that he was called by appellee prior to the foreclosure.
Appellant argues that a genuine issue of material fact exists as to whether the parties have created a "quasi new agreement" by virtue of a mutual disregard for the contract. See Abercrombie v. Howard, Weil &c. Inc., 136 Ga. App. 79, 85 (220 SE2d 275) (1975). We disagree. "Where parties depart from the terms of a contract and receive or pay money under the departure, reasonable notice must be given to the other party of the intention to rely upon the exact terms of the contract before there can be any recovery for failure to comply with its exact terms. Until notice, such departure is a quasi new agreement. [Cits.]" Verner v. McLarty, supra at 475; Vaughn & Co. v. Saul, 143 Ga. App. 74, 83 (237 SE2d 622) (1977); Code Ann. § 20-116.
Whatever the status of the parties prior to the acknowledgment of November 9, 1978, it is clear that, after the acknowledgment was executed, appellant was on "reasonable notice of the intention to rely upon the exact terms of the contract." As no payments were received under the subsequent "departure," beginning in August, 1979, there was no quasi new agreement within the meaning of Code Ann. § 20-116.
3. Appellant asserts that, apart from the above considerations, the judgment must nonetheless be reversed because two timely-filed depositions remained sealed until after the motion for summary judgment was granted.
In Jackson v. Couch Funeral Home, 131 Ga. App. 695 (206 SE2d 718) (1974), the Court of Appeals held: "Since this court is not empowered to rule upon matters not ruled upon below, thus eliminating from consideration here the depositions and possible other materials not considered below, and since the party opposing the motion for summary judgment is to be given the benefit of all reasonable doubts in determining whether a genuine issue of material fact exists (Burnette Ford, Inc. v. Hayes, 227 Ga. 551 (181 SE2d 866); Capital Auto Co. v. General Motors Acceptance Corp., 119 Ga. App. 186 (166 SE2d 584)), it is our view that the judgment must be reversed and the case remanded for the trial court to enter a new order after *734 taking into consideration `the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any ...' CPA § 56 (c) (Code Ann. § 81A-156 (c))... This court does not have original jurisdiction to determine motions for summary judgment, and the case must be remanded to the trial court for proper consideration and disposition under CPA § 56." The rule announced in Jackson has been applied in several subsequent Court of Appeals cases (see Corbin v. Pilgrim Realty Co., 151 Ga. App. 102 (258 SE2d 758) (1979); Walker v. General Motors Corp., 149 Ga. App. 524 (254 SE2d 871) (1979), reversed s. c. 244 Ga. 191 (259 SE2d 449) (1979); Realty Contractors, Inc. v. C. & S. Nat. Bank, 146 Ga. App. 69 (245 SE2d 342) (1978); Brown v. Rooks, 139 Ga. App. 770 (229 SE2d 548) (1976)), and is supportive of appellant's position. We, however, must take a different view.
"[I]t is well settled that, on appeal, the burden is on the appellant to establish error." Brown v. Frachiseur, 247 Ga. 463 (277 SE2d 16) (1981). Moreover, error which is harmless will not be cause for reversal. "The Court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties." CPA § 61 (Code Ann. § 81A-161); White v. Hammond, 129 Ga. App. 408, 410 (199 SE2d 809) (1973). Even assuming the trial court's failure to open the sealed depositions was error, the error was manifestly harmless. There is nothing in the depositions which raises a genuine issue of material fact. To reverse and remand the case under these circumstances would only serve to prolong litigation and undermine the policy in favor of "the just, speedy, and inexpensive determination of every action." CPA § 1 (Code Ann. § 81A-101).
We reject the view that depositions not considered below are ipso facto "eliminat[ed] from consideration here." Jackson v. Couch Funeral Home, supra at 695. The trial court has ruled on the motion for summary judgment; a determination by this court that, despite a possible procedural error, the ruling on the motion is nonetheless correct, does not amount to an exercise of "original jurisdiction." Id. at 696. This court has held many times that "[a] judgment correct for any reason will be affirmed. [Cits.]" McLean v. McLean, 242 Ga. 71, 72 (247 SE2d 867) (1978). Accordingly, we will not reverse the grant of summary judgment, even if it affirmatively appears that the trial court erroneously failed to consider a portion of the record, unless the appellant can show that a genuine issue of material fact remains for trial. To the extent that Jackson v. Couch Funeral Home, supra and the other cases cited conflict with the views expressed herein, they are overruled.
Judgment affirmed. All the Justices concur.
HILL, Presiding Justice, concurring.
Code § 39-1201 provides that public sales shall be on the first Tuesday in each month. From time to time the first Tuesday of the month falls on January 1 (New Year's Day) or July 4 (Independence Day), well observed holidays. Consistent with Code § 102-102 (8), the General Assembly may want to provide that where the first Tuesday is a holiday, the sale shall take place on the following day (regardless of whether the notice specified January 1 or 2, or July 4 or 5). The General Assembly may also want to consider adapting Code § 109A-9-504 (3) to real estate foreclosures and thereby providing for actual notice of foreclosure to the debtor, tenants in possession, and other secured parties who have given written notice to the deed holder of their claims.
I concur in the opinion and judgment of the court.