**In re Brenda SCOTT, Debtors.**

**Brenda Scott, Plaintiff,**

**v.**

**Rance and Patricia Williams, Defendants.**

**Bankruptcy No. 98–14383–MAM. Adversary No. 00–1238.**

United States Bankruptcy Court, S.D. Alabama.

Jan. 10, 2001.

---

James M. Orr, Jr., Mobile, AL, for the Plaintiff.

William M. Lyon, Jr., Mobile, AL, for Defendants.

ORDER DENYING DEFENDANTS' MOTION TO DISMISS AND SCHEDULING A FINAL HEARING ON DEFENDANTS' MOTION FOR RELIEF FROM STAY

MARGARET A. MAHONEY, Chief Judge.

This matter is before the Court on the defendants' motion to dismiss this adversary complaint on the grounds that it fails to state a claim for which relief can be granted and on defendants' motion for relief from stay. The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 1334 and 157 and the Order of Reference of the District Court. This is a core proceeding pursuant to 28 U.S.C. § 157(b) and the Court has the authority to enter a final order. For the reasons indicated below, the Court is denying defendants' motion to dismiss and scheduling a final hearing on defendants' motion for relief from stay.

## FACTS

Brenda Scott executed a vendor's lien to Rance and Patricia Williams in September 1997 on her residence located in Mobile, Alabama. Ms. Scott defaulted in her payment to the Williams and the Williams scheduled a foreclosure sale of the property. A foreclosure notice was sent to Ms. Scott and was duly published. The foreclosure was scheduled for October 9, 2000, Columbus Day. At the time set for sale the auctioneer announced that the sale was postponed to October 18, 2000. The sale was held on the postponed date. Ms. Scott filed for relief pursuant to Chapter 13 of the Bankruptcy Code on October 30, 2000.

## LAW

The issue raised by the parties is whether this case should be dismissed or the stay lifted because the foreclosure sale was

properly conducted and the property was not property of Ms. Scott, the debtor, at the time she filed bankruptcy. Ms. Scott asserts that the scheduling of the sale on a legal holiday voided the sale and/or that the postponement was improper and the sale thus void. The Williams assert that the sale was in all ways properly noticed and conducted.

■ The foreclosure sale was originally scheduled on a legal holiday, Columbus Day. Ala.Code § 1–3–8 (2000). Although the Ala.Code § 1–3–8 states that the holiday "shall be observed by the closing of all state offices," it does not indicate that any legal actions occurring on that date shall be void. The general rule is that unless it is expressly prohibited by statute, a foreclosure sale or court proceeding is not invalid because it was held on a legal holiday. 50 Am.Jur. Sundays and Holidays, s 80; *Spence v. Spence*, 239 Ala. 480, 195 So. 717 (1940); *Koehler v. Pioneer American Ins. Co.*, 425 S.W.2d 889 (Tex.Civ.App.Fort Worth, 1968, no writ); *Miller Grading Contractors, Inc. v. Georgia Federal Savings & Loan Ass'n*, 247 Ga. 730, 279 S.E.2d 442 (1981); *Kantack v. Kreuer*, 280 Minn. 232, 158 N.W.2d 842 (1968). There is no express declaration in Alabama. The Court concludes that the sale, if held on Columbus Day, would have been valid. The Court however er does not have to decide this issue. The sale did not occur on that date, but was postponed. Postponement of sale is governed by Ala.Code § 6–8–69 (1975) which states:

> Whenever it becomes necessary to postpone any sale that has been advertised to occur on a certain day, the same may be postponed by the auctioneer or attorney announcing, at the time set for sale, the date to which said sale is postponed; and the original notice shall be published once again, with a statement at the bottom that said sale has been postponed and the date when it will occur.

■ The statute provides for the announcement of a postponement on the day originally set for sale, which was done in this case. As noted above, legal actions will generally not be invalidated because they occurred on a holiday. Clearly if the sale would not be invalidated by the fact that it occurred on a holiday, the postponement of the sale on that day would also not be invalidated. However, there is no evidence that the notice was published again with a statement indicating the sale had been postponed. The defendants must establish this fact by a preponderance of the evidence and they did not. If all requirements of Ala.Code § 6–8–69 (1975) were not met, the postponement and subsequent sale may be unlawful. Therefore, Plaintiff's claim cannot be dismissed for failure to state a claim for which relief can be granted.

Whether the stay should be lifted must now be determined. If the postponed sale was properly noticed, then the property is not property of the estate and the stay does not apply. If the postponed sale was not properly noticed, the parties will need to present evidence as to whether the stay should lift or not pursuant to § 362(d)(1) or (2).

THEREFORE, IT IS ORDERED AND ADJUDGED:

1. The motion of Rance and Patricia Williams to Dismiss is DENIED.

2. The motion of Rance and Patricia Williams for relief from stay is set for final hearing on January 31, 2001 at 8:30 a.m. in Courtroom 2, United States Bankruptcy Court, 201 St. Louis Street, Mobile, Alabama.

3. Trial of this case is set on February 20, 2001 at 10:00 a.m. in Courtroom 2,

United States Bankruptcy Court, 201 St. Louis Street, Mobile, Alabama.